Chief Justice Robertson
delivered the following Opinion of the Court, in this case, on the 19th of October, 1836. A petition for a rehearing was afterwards presented by Messrs. Sanders and Depew, of counsel for the defendants, considered by the Court, and overruled. On the last day of the term, however, Mr. Madison C. Johnson expressed much anxiety to have an opportunity to present his views of the case, with such suggestions as might occur to him, in favor of a rehearing; upon which the Court consented to grant that indulgence to the defendants, and an order was accordingly made, suspending the Opinion until the ensuing term. During the vacation, a compromise was set on foot, which was ultimately consummated, and the case was, therefore, this day dismissed, without further action upon it. As no intimation was given of any change in the views of the Court in relation to the case, after the Opinion was delivered, it is now published, as being entitled to the same authority as a precedent, which other decisions possess.
In 1824, Ithamar Whiting and others, members of the “ Pittsburgh Iron and Nail Factory,” filed a petition in a district court of the State of Louisiana, for attaching the property of a Steamboat Company, styled “ Wm. S. Dallam & Co. and Lewis Castleman, jr.” and for obtaining a judgment in personam against them, and especially for *391 sequestering and selling a steamboat Providence, then at New Orleans, and belonging to James Johnson and others, and which had been hypothecated by them, for securing the payment of a large sum, acknowledged to be due for the engine of the boat, which had been made by Whiting and Co., for “ Wm. S. Dallam & Co. and Lewis Castleman, jr.” and who had afterwards sold the boat to the said James Johnson and others, who were some of the members of the latter company, and who, after their purchase, made the hypothecation, as collateral security for the price of the engine. And, after other claimants of the boat, and of liens upon it, had intervened, and after J. H. Hawkins had been appointed by the Court, according to a peculiar practice, to represent all the members of the firm of Wm. S. Dallam & Co. and Lewis Castleman, jr., and after the taking and filing of several depositions, and the entering of an appearance and response to the petition — the boat, which had, in the mean time, been seized, was sold by the order of the Court: a small portion of the proceeds were applied towards paying the demand asserted in the petition, and a judgment in personam was rendered against all the respondents, in solido, for upwards of fifteen thousand dollars.
From the time of the filing of the petition to that of rendering the judgment, all of those against whom the petition was filed and the judgment was rendered, appear to have been citizens and residents of this State, excepting one, who alone was in Louisiana.
In 1835, the suit now before us (an action of debt) was instituted on the judgment, in the General Court of this State, in the name of Ithamar Whiting, as surviving member of the “Pittsburgh Iron and Nail Factory,” against Richard M. Johnson and others, as the survivors of those against whom the judgment had been rendered; and that Court, having sustained a demurrer to the declaration, gave judgment in bar of the action.
The judgment being, as we think, not a mere liquidation of the amount due and a nisi monition to pay it, but such a one as might be enforced by process or suit upon it, and the declaration being sufficient in all essential allegations as to the jurisdiction of the General Court, and *392 the liability of the persons sued, if the Court, which rendered the judgment, had jurisdiction in personam— therefore, the chief question discussed in the argument in this Court, and the only one we shall consider, is, whether it appears, or should be presumed, that the judgment is valid and conclusive in this State, and is, therefore, a proper foundation for this suit.
A petition, in a court of Louisiana, which, besides praying for a sequestration and sale of the property of absent def'ts, prays also for a judg't for the debt, must be deemed a proceeding in personam, as well as in rem.
If the proceeding were altogether in rem, the court would have no jurisdiction to render any judgment in personam: an action of debt could not be sustained in this State, upon a judg’t rendered in such a case.
Tho’ a judg’t of another State, must have the same effect here, that it would have in the State where it was pronounced (Constitution of the U. S.;) yet, as no State can exercise any jurisdiction, legislative or judicial, over any but its own citizens, or strangers found within its limits—a judg’t or decree in personam, in one State, against a citizen of another, without actual service of process, or a voluntary appearance, is not conclusive any where. But, the service of process, or a voluntary appearance, may give jurisdiction where it would otherwise be wanting. And—
The petition, according to its tenor and effect, must be deemed a suit in personam, as well as in rem, for it sought, not only a sequestration and sale of property, (in the nature of a foreign attachment, as well as a bill to enforce a specific lien on the steamboat,) but also a judgment for the debt. Had it been altogether a proceeding in rem, the Court would have had no jurisdiction to render a judgment in personam; and, in that eVent, the judgment which was rendered for the payment of money, would not have been such as would sustain an action of debt in this State; for, although the Federal Constitution declares, in effect and according to established interpretation of it here, that a judgment rendered m one of the States of the Union, shall be as effectual as it may be where it was pronounced, yet it has been decided that, as no State has jurisdiction, legislative or judicial, over any other persons than its own citizens and foreigners within its sovereign limits, a judgment or decree in personam, against a citizen of any other State, without actual service of process, or voluntary appearance, is not made binding and conclusive in any other State, by the Federal Constitution. But although, when the petition was filed, the Court of Louisiana may not have had jurisdiction as to any of the persons named as defendants, excepting the captain of the boat and one other person, both of whom were then within the power of that Court, yet, if either process was actually served on the others, or they entered an appearance and responded to the petition, they thereby subjected themselves to the power and judgment of the Court in personam. This we believe to be both the ra *393 tional and more authoritative doctrine of the law, whenever, as in this case, a suit can be considered, in any respect, a proceeding against the person.
A judg’t of another State, where there was a voluntary appearance of the deft., though erroneous, may support an action of debt here.
Pleas in a record, having been filed by an attorney appointed by the Court, to defend for absentees, (under a peculiar practice of La.) are not alone sufficient evidence of an appearance by them. But where (as in this case) the agency of the defts. in taking depositions, & the declarations of some of them, show that they had actual notice of the suit; and where, also, an attorney not appointed by the Court, appeared, and answered the petition for, and in the names of, all the defts. (in a Court of La.,) these facts, appearing in the record, must be deemed conclusive evidence that the defts. appeared, by their authorized atto. and defended the suit, thereby giving the court jurisdiction over their persons: the judg’t is, consequently, conclusive against them here.
As, then, the petition in this case sought a judgment for the debt, and as the judgment, even if erroneous, may be conclusive here—this action is maintainable if there was a voluntary, appearance by all the persons against whom the judgment was rendered. Whether there was such an appearance, is, therefore, the only remaining question.
As Hawkins was appointed by the Court to defend, the filing of pleas by him, should not be deemed per se sufficient record proof of the fact, that the persons whom he thus represented had notice of the suit, or had in fact appeared in person or by their appointed attorney in Court. But there are two reasons for concluding that they did appear by their attorney, employed and recognized by themselves:—First. Their agency in taking depositions, and the declarations of some of them, show that they had notice, in some way, of the pendency of the suit, and of the fact, also, that Hawkins was defending it for them; and, therefore, the inference should be that what he did he was authorized by them to do, and that, consequently, the appearance and defence were, virtually and in judgment of law, their acts. Second. Before the judgment was rendered, one Chauncey Whittlesey, who had not been appointed by the Court, appeared as counsel for all the persons against whom the petition was filed. The entry in the record is thus—“ James Johnson and others, defendants—Whittlesey for defendants;" this must be deemed an appearance by all the persons prayed to be made parties; for, as we are bound judicially to presume that the Court would not have permitted him thus to act without sufficient personal authority, the conclusion is inevitable that, through him, as their authorized attorney, the persons for whom he professed to act appeared and defended the petition.
Wherefore, we feel impelled to the conclusion that the record exhibits sufficient evidence of a voluntary appearance and defence on the merits, to establish the jurisdiction of the Court in Louisiana, to render—what, *394 among other things, the petition demanded—a judgment in personam for the debt which was claimed and litigated. And, consequently, the judgment on which this suit is founded, must be deemed, by the Courts of this State, conclusive evidence of the indebtedness which it adjudged; and is a proper and sufficient foundation, therefore, for this action.
Wherefore, it is considered that the judgment of the General Court, sustaining the demurrer to the declaration, be reversed, and the cause remanded for a repleader.