CASE 23—PETITION ORDINARY—OCTOBER 10.

# Donahoe v. McDonald.

92  123
107  652

APPEAL FROM BOURBON COURT OF COMMON PLEAS.

RECOVERY OF MONEY FROM STAKEHOLDER—PRINCIPAL AND AGENT.—
Under the statute which gives to the "party aggrieved" the right to recover from the stakeholder any money staked on a bet, one who has acted merely as the agent of another in making the bet and depositing the money can not maintain the action. The suit must be brought in the name of the principal.

GEO. C. LOCKHART, JAMES D. MITCHELL, JOHN L. SCOTT FOR APPELLANT.

1. The person making the deposit has the right under the statute to recover the money of the stakeholder, although he acted as agent of another. (Gen. Stats., chap. 47, sec. 5 ; Graves v. Ford, 3 B. M., 115; 15 B. M., 636 ; 18 B. M., 776.)

2. If the lower court was right in overruling the demurrer to the petition, it should, on the motion of appellant, have required appellee to make Mitchell and Tucker parties thereto, and required them to set up their claim, if any, either had thereto. (Hutchings & Co. v. Stillwell, 18 B. M., 776.)

HAGGARD & BENTON FOR APPELLEE.

1. One acting merely as agent in placing a stake or deposit can not sustain an action for its recovery from the stakeholder under section 5, chapter 47, of the General Statutes. He is not the real party in interest. (Civil Code, sec. 18 ; Mytinger v. Springer, 38 Am. Dec., 774; s. c., 3 Watts & S., 405; Reichly v. Maclay, 2 Watts & S., 59.)

2. If appellee was willing to try the issue without Tucker and Mitchell being parties, it was his risk, and no other person could have been prejudiced. (Civil Code, sec. 30.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

"The stakeholder of any money or other thing that may be staked on any bet or wager shall, when thereto

notified, return the same to the person making the stake or deposit, and for failing to do so, the amount or value of the stake may be recovered from him by the party aggrieved." (Sec. 5, chap. 47, Gen. Stats.)

Donahoe, the appellant, who made the deposit—the amount of the bet—did so as the agent of Mitchell and Tucker, or one of them, and upon notice to the appellee (who was the stakeholder) demanding a return of the money, and a refusal by the latter, he brought this action in his own name to recover the deposit. The defense pleaded that the bet was made by the appellant for the parties named; that it was their money, and the party suing had no other intent than that as agent in making the bet.

We perceive no reason why the doctrine as to agency should not apply in this case as in other transactions where the principal acts through an agent. Where the agent is a bailee of property and his possession molested by a wrongdoer he may sue in his own name for the wrong done him; but for a violation of contract, or for the recovery of money where the agent has transacted the business for the principal, the suit must be brought in the name of the principal. What interest has the agent in this money deposited with the appellee? None whatever; and it can not be said that the statute would permit a recovery by the agent and then by the principal. It is not a penalty imposed for betting, but is a remedy by statute to enable the party *aggrieved* to recover his money before it is paid over to the winner.

The statute expressly says, "that the sum may be recovered from the stakeholder by the party *aggrieved*." If this appellant had notified the appellee that the money

was that of Mitchell and Tucker, and that he had made the bet for them, upon his refusal to pay it over the principal could have recovered. It is the party injured, the one liable to sustain the loss, that can sue. He is the party aggrieved, and there is no reason for giving both principal and agent a cause of action. If the appellant acted as agent, he is in no wise aggrieved. He loses nothing; but the entire loss is with the principal. The defense was in the nature of a plea in abatement. It was not necessary that the appellee should have required the parties to interplead. The defense as to the appellant prevented his recovery.

Judgment affirmed.