Case 108—ACTION AGAINST STAKEHOLDER TO RECOVER MONEY BET ON AN ELECTION—Feb. 21.

## Turner, Etc. v. Thompson.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. Actions Against Stakeholders of Election Bets—Notice.— Under section 1959 of the Kentucky Statutes, providing that "the stakeholder of any money or other thing that may be staked on any bet or wager shall, when thereto notified, return the same to the person making the stake or deposit, and for failing to do so the amount or value, stake or deposit may be recovered from him by the party aggrieved;" a notice not to pay the money or deliver the check to the other party to the bet is a notice to return the same to the party making the stake, although another who was not then present was jointly interested with the person making the demand.

2. Same—Parties.—Such an action was properly brought in the name of both of the parties interested in making the bet as the party who made the demand acted for himself and his co-plaintiff in making the bet, and the money belonged to both of them.

3. Same—Rights of an Undisclosed Principal.—It was proper to permit Harlan Turner, one of the plaintiffs, to prove that he notified the defendant Thompson of his interest in the stake and demanded the money should not be paid over, upon the rule that an undisclosed principal may always give notice of his rights.

4. Same—Evidence—Refunding Bond.—The court should have permitted the plaintiffs to prove that the defendant had paid over the money under a bond of indemnity as the fact that he took a bond of indemnity is a circumstance corroborating the testimony introduced by the plaintiffs.

W. A. SUDDUTH and ELLIOTT K. PENNEBAKER for appellants.

1. The evidence shows that W. W. Thompson was the stakeholder of an election bet between H. Clay Turner and Harlan C. Turner,

Turner, &c., v. Thompson.

of the one part, and W. S. Lloyd of the other part; that before the stake was handed the alleged winner, H. Clay Turner notified the stakeholder to return to him his stake or deposit; also, that Harlan C. Turner, before the stake was handed the alleged winner, notified the stakeholder to return to him his stake or deposit. The record further shows that the stakeholder was admittedly notified of repudiation of this wager by one of the parties.

2. The very object of this section of the Statute demands that a notice not to pay to the alleged winner the stake should be as good and sufficient a notice as one to return the deposit staked. The notice of repudiation by either party is in no way technical in form; any words expressive of prohibition to pay, absolutely or conditionally, are sufficient to revoke the authority of the stakeholder to pay under any circumstances. Ivey v. Pilfer, 11 Ala., 535; Keffrey v. Ficklin, 3 Ark., 227; s. c. 36 Am. Dec., 456; McAllister v. Hoffman, 16 Serg. & Rawle, 147; s. c. 16 Am. Dec., 556; Shackelford v. Ward, 3 Ala., 37; s. c. 26 Am. Dec., 435.

3. We think the trial court erred in refusing to admit the evidence of Harlan C. Turner as to conversations with the stakeholder. We insist that the trial judge erred in refusing to admit testimony of W. W. Thompson as to his reasons for paying the money to Lloyd. We insist that the trial court erred in refusing to admit the evidence of Mr. Thompson as to whether he had a bond of indemnity before he turned the proceeds of the check over to Lloyd.

4. We insist that the trial judge influenced the minds of the jury in a way disastrous to the rights of the plaintiffs by refusing to give instruction marked "No. 1," offered by the plaintiffs, and by giving the one which he did of his own motion.

TYLER & APPERSON FOR THE APPELLEES.

1. There was no demand made for the return of the stake within the meaning of section 1959 of the Kentucky Statutes. Hutchings, &c., v. Stilwell, 18 B. Mon., 776.

2. The court properly excluded the testimony of Harlan Turner that he notified Thompson that he was interested and that he must not pay the money over to Lloyd. He was a stranger to the transaction and as such could not give the notice.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Shortly before the presidential election in 1896, appellants made a bet with W. S. Loyd on the result of the

election.    Appellant H. Clay Turner drew his check on the Traders' Deposit Bank of Mt. Sterling for $700, payable to appellee, W. W. Thompson, who was the cashier of the bank, and O. K.'d the check, which was placed in an envelope with $700 belonging to Loyd.    The envelope was then delivered to Thompson, as stakeholder, with this endorsement: "To be delivered to H. Clay Turner if Bryan carries Kentucky, and to be delivered to W. S. Loyd if McKinley carries Kentucky."

After the election, Thompson delivered the envelope to Loyd, and cashed the check at the bank, without endorsing it.    Appellants then brought this action against him, as stakeholder, alleging that they had notified him not to pay the money to Loyd, and demanded that he return it to them before he delivered it to Loyd.

Appellant H. Clay Turner testified on the trial that shortly after the presidential election, and before the check was cashed, he went to see Thompson and demanded the return of his check, notifying him not to deliver it to Loyd, but telling him he did not care what he did with Loyd's money, and that Thompson refused to deliver the check, saying that he would not deliver the envelope or its contents to either of the parties, and that they ought to settle it among themselves.    He proved the same fact by several other witnesses.

The appellee Thompson was then introduced on his own behalf, and stated that Turner had been in several times to see him before he drew the money or turned it over to Loyd, and had notified him not to turn over the envelope or the check to Loyd, but that Turner never demanded of him the return of the check "unless," to use his own words, "you would call it a demand when he told me not to give it to W. S. Loyd."    He does not deny telling Turner

that he would not deliver the envelope or its contents
to either party, and that they ought to settle the matter
among themselves.

Section 1959 of the Kentucky Statutes provides:

"The stakeholder of any money or other thing that may
be staked on any bet or wager shall, when thereto noti-
fied, return the same to the person making the stake or
deposit, and for failing to do so, the amount or value of
the stake may be recovered from him by the party ag-
grieved."

The defense in the court below appears to have proceeded
upon the idea that a notice to Thompson not to deliver
the check to Loyd was not sufficient under this statute,
and that, to justify a recovery, there must have been a
notice to return it to H. Clay Turner, who was the only
one of the appellants present at the time the envelope
was delivered.

According to the uncontradicted testimony of several
witnesses, Thompson told H. Clay Turner, when he noti-
fied him not to deliver the check to Loyd, that he would
not deliver the envelope to either of the parties. After
this, further demand by Turner was unnecessary, for this
was an unequivocal refusal to deliver to him. But, with-
out this, the notice to him not to deliver the check to Loyd
was sufficient under the statute.

The check was payable to Thompson, and Turner's mon-
ey, on which it was drawn, would remain in the bank as
long as Thompson held the check. A notice not to deliv-
er the check to Loyd, if obeyed, would have accomplished
all that Turner wished. The statute was made for the
prevention of gambling or betting, and under the express
provision of section 460, Kentucky Statutes, it must be
liberally construed, with a view to promote its object.

Turner, &c., v. Thompson.

In Shackelford v. Ward, 3 Ala., 37, [36 Am. Dec., 435], the court say:

"The plaintiff in this case, after the supposed determination of the wager, gave notice to the stakeholder to retain the money in his hands, and not to pay it over to the supposed winner. This arrested the money in his hands, and it could at any time after this have been reclaimed by the plaintiff, and the defendant would not have been authorized to withhold it, even if the wager had been decided against the former."

No particular form of words is necessary in a notice to the stakeholder by the party depositing the money in his hands. Any words that clearly inform him that the wager is not to be carried out, and that he must not pay over the money to the supposed winner, are sufficient. (Ivey v. Philfer, 11 Ala., 535; 8 Am. & Eng. Enc. Law., 1000; Barbour v. Whitlock, 4 T. B. Mon., 181.)

In Lawson, Rights, Rem. & Prac., section 2421, the rule is thus stated:

"If money is placed in the hands of a stakeholder to abide the event, either party, while it is in his hands, may notify the stakeholder not to pay it over to the winner; and, if he does so, may recover the amount from him."

In Ball v. Gilbert, 12 Metc. (Mass.), 397, Chief Justice Shaw, speaking of a stakeholder in a case like this, well said:

"He is a mere depositary of both parties for the money deposited by them, respectively, with a naked authority to deliver it over on the proposed contingency. If the authority is actually revoked before the money is paid over, it remains a naked deposit to the use of the depositor." (See, also, to same effect, Lewis v. Littlefield, 15 Me., 233; Gilmore v. Woodcock, 31 Am. Rep., 255.)

On Thompson's own evidence in this case, the court should have instructed the jury peremptorily to find for the plaintiffs.

The action was properly brought in the name of both the appellants, as H. Clay Turner acted for himself and his co-appellant in making the bet, and the money belonged to both of them.

In Donahoe v. McDonald, 92 Ky., 123, [17 S. W., 195], this court, in construing the statute quoted above, said: "We perceive no reason why the doctrine as to agency should not apply in this case, as in other transactions where the principal acts through an agent."

Appellant Harlan Turner was a proper witness to prove that he notified appellee, Thompson, of his interest in the stake, and demanded that the money should not be paid over, for an undisclosed principal may always give notice of his rights.

The court should also have permitted appellants to prove that Thompson paid over the money under a bond of indemnity, as the fact that he took a bond of indemnity is a circumstance confirming the testimony introduced by appellants.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

CHIEF JUSTICE HAZELRIGG NOT SITTING.