Frances A. Kerr,
Executrix
vs. }Eq. No. 2353.
Travelers Insurance Co.,
et al.

November 10, 1931.

WALSH, J. Heard on bill, answer and proof.

Complainant brings this bill as executrix of the will of Robert W. Kerr, whose legal residence in the State of Rhode Island is in dispute. Robert W. Kerr was a medical officer in the United States Army. The complainant Frances A. Kerr is his former wife, one of the respondents, Rose B. Kerr, was his wife at the time of his death on or about January 31st, 1930. On March 27, 1926, Robert W. Kerr made the will in question in which he gave his then wife, Rose B. Kerr, the sum of $100 and bequeathed all the residue of his estate to his former wife Frances A. Kerr. On February 1, 1927, Robert W. Kerr took out a policy of life insurance upon his life in the sum of $5,000 with the respondent, Travellers Insurance Co.; which by its terms is payable to "the executors, administrators or assigns of the insured;" on June 11, 1929, Robert W. Kerr took out a policy of life insurance upon his life in the sum of $10,000, with the respondent Travelers Insurance Company, which by its terms is payable to "executors, administrators or assigns." Upon the death of Robert W. Kerr his assets consisted of about $50 on deposit in a bank in Newport, Rhode Island, and about $750 in a New York City bank, exclusive of the insurance policies before us.

On February 5, 1930, the former wife filed the alleged last will of Robert W. Kerr with a petition for her appointment as executrix thereof in the Probate Court of the City of Newport, R. I. On April 21, 1930, said Probate Court of the City of Newport after hearing, at which Rose B. Kerr was represented by counsel, approved and allowed said last will of Robert W. Kerr and appointed Frances A. Kerr executrix thereof, and an appeal was taken to this Court where the matter is now pending. On February 7, 1930, Rose B. Kerr was appointed administratrix of the estate of Robert W. Kerr in the City of New York by the Surrogates Court. Both women in their respective official capacities made demand upon the insurance company for the payment of the $15,000. The company is ready and willing to pay the amounts of the policies to the person designated by this Court as the one to whom payment should be made. It appears without contradiction that both policies were delivered by Robert W. Kerr, upon their receipt by him from the insurance company, to the complainant, Frances A. Kerr, and were retained by her in the State of Rhode Island from that time up to the present day.

Rose B. Kerr, the administratrix appointed by the New York Court, has entered her appearance and has filed an answer in this case and therefore must be held to have submitted herself voluntarily to the jurisdiction of this Court.

*Gorman* vs. *Stillman*, 25 R. I. 55.
*Hawkins* vs. *Boyden*, 25 R. I. 183.

This Court has jurisdiction over a deposit of about fifty dollars in a Newport bank, standing in the name of deceased, and the insurance policies have been for a long time and are now in the State. We feel that the Court may take jurisdiction when the res involved is within the State, despite the fact that the domicile of deceased at the time of death is in dispute.

*Ely* vs. *Hartford Life Ins. Co.*, 128 Ky. 799.
*Gleason* vs. *Northwestern Life Insurance Co.* 103 N. Y. S. 1126.
General Laws 1923, Sec. 4949.

Under the circumstances we feel that the prayer for relief should be granted.

To that end, we think that the insurance company should pay to the executrix under the alleged will in Rhode Island, the amount due upon the policies without interest, upon the surrender of the original policies to the insurance company; that the original policies should not be surrendered until certified or photostatic copies thereof are deposited with the Clerk of this Court; that the respondent, Rose B. Kerr, administratrix under the New York appointment, should be enjoined and restrained from prosecuting any claim for the recovery of the amounts due under these policies from the Travelers Insurance Company in any Court other than the Courts of the State of Rhode Island.

A decree may be entered in accordance with this decision.

Attorney for complainant: Sheffield & Harvey.

For respondent: Burdick, Corcoran & Peckham, Ralph T. Barnefield.