**SCOTT v. CURD.**

No. 876.

United States District Court
E. D. Kentucky, at Lexington.

Dec. 5, 1951.

Mac Stephenson, Ashland, Ky., for plaintiff.

Frank S. Ginocchio, Lexington, Ky., for defendant.

FORD, Chief Judge.

The cause of action asserted by the plaintiff is derived from section 372.040 of Kentucky Revised Statutes, relating to gambling transactions, which provides: "If the loser or his creditor does not, within six months after its payment or delivery to the winner, sue for the money or thing lost, and prosecute the suit to recovery with due diligence, any other person may sue the winner, and recover treble the value of the money or thing lost, if suit is brought within five years from the delivery or payment."

The complaint, as amended, alleges that the plaintiff, Faye R. Scott, is a citizen and resident of the State of West Virginia; that the defendant Edward William Curd is a citizen of the State of Kentucky; and that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000. Federal jurisdiction is invoked under section 1332(a) of Title 28 U.S.Code. Plaintiff further alleges that she is the wife of Darwin Scott who lost a total sum of $30,287.76 to the defendant as the result of gambling transactions which occurred at Lexington, Fayette County, Kentucky, between January 6, 1947 and March 19, 1949, which losses were paid to the defendant at Lexington in Fayette County, Kentucky, during that period.

Plaintiff further alleges that neither her husband, Darwin Scott, nor his creditors have brought any action against the defendant for recovery of the money so lost and she asserts the right to recover treble the amount such losses sustained by her husband, Darwin Scott, to the defendant under the provisions of the above statute.

The defendant's motion to dismiss proceeds upon the idea that since at common law money lost at gambling could not be recovered and since the right of action given by the statute to "any other person" to recover gambling losses creates a right and cause of action which was unknown and non-existent at common law, under the common law rule governing the construction of such statutes it must be strictly construed when determining the person or class of persons entitled to its benefit, and by such strict construction the right of recovery conferred upon "any other person" must be confined to citizens of the State of Kentucky.

Without questioning the common law rule of strict construction which formerly prevailed in Kentucky and still prevails in many states, it seems to have no application in this case for the reason that the rule was abrogated by section 446.080 of Kentucky Revised Statutes, formerly sections 459–460, Kentucky Statutes, which provides:

"(1) All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state.

"(2) There shall be no difference in the construction of civil, penal and criminal statutes.

"(3) No statute shall be construed to be retroactive, unless expressly so declared.

"(4) All words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning."

In Turner v. Thompson, 107 Ky. 647, 650, 55 S.W. 210, 211, the Kentucky Court of Appeals said: " * * * The statute was made for the prevention of gambling or betting, and under the express provision of section 460, Ky.St., it must be liberally construed, with a view to promote its object."

In Marvin v. Maysville St. Railroad & Transfer Co., C.C., 49 F. 436, in construing a statute of Kentucky which conferred a cause of action upon the personal representative of "any person" whose life is lost by reason of the negligence or carelessness of the proprietor or proprietors of any railroads, their servants or agents, District Judge Barr said: " * * * Evidently there is nothing in this section that con-

fines this right to citizens or residents of the state of Kentucky, but the right is given to any person without regard to residence or citizenship."

█ To deter and, so far as possible, to prevent gambling within the State was and is the obvious purpose of the Statute relied upon by the plaintiff. By section 446.080, K.R.S., it must be liberally construed in accord with the common and approved usage of its language with a view to the accomplishment of its purpose. There is nothing to indicate that in using the broad phrase "any other person" the Legislature intended to limit the cause of action thus created to citizens or residents of the State of Kentucky. The statute is broad enough to entitle the plaintiff to its benefit, without regard to her place of residence or her citizenship. The defendant's motion to dismiss should be denied.

An order will be entered in conformity herewith.