ANNA L. FISH, PLAINTIFF IN ERROR, v. METROPOLITAN
LIFE INSURANCE COMPANY, DEFENDANT IN ERROR.

Argued December 11, 1907—Decided March 2, 1908.

In a suit upon a policy of life insurance the plaintiff sought to escape
the effect of a breach of warranty that the assured had not been
under the care of a physician within two years prior to the appli-
cation by proof that he told the examining physician the facts at
the time, and was assured that it was not considered illness be-
cause he had not been in bed, and didn't count. *Held*, that the
evidence was insufficient to show that the words of the warranty
were used with any other than their usual meaning.

On error to Supreme Court.

For the plaintiff in error, *Thomas B. Hall.*

For the defendant in error, *Willard P. Voorhees.*

The opinion of the court was delivered by

SWAYZE, J.    When this case was previously before the
court, we held that the proofs showed a breach of the war-
ranty that the assured had not been under the care of a phy-
sician (except one named) within two years. 44 *Vroom* 619.
Upon the retrial the plaintiff proved that the assured, at the
time of the application for insurance, told the examining
physician that he had been doctored by Dr. Sharp and Dr.
Jarrett, the physicians whose care was relied on by the de-
fendant as constituting the breach of warranty; that the
examining physician said "that doesn't count;" "that it was
not considered illness because he had not been in bed." Not-
withstanding this evidence the trial judge directed a verdict
for the defendant upon the authority of our decision.    The
plaintiff now contends that this was erroneous.    Shortly
stated, his argument is that, although parol evidence is not
admissible to vary the contract, it is admissible to show that
the parties agreed to use words in a special sense.    We do

not question that such cases may arise. No doubt there is a difference between attempting to prove that the parties intended to make a different contract and attempting to prove that they used words with a special and peculiar meaning, which, understood as they understood them, expressed their actual intention. 1 *Greenl. Evid.* (*Wigm. ed.*), § 305*i*. But as the editor well says, "if the transaction is one in which another person has shared (as a deed or contract) so that the other person has acted on the faith of a certain meaning to the words, then the standard must be enlarged; it is not to be the individual standard of the first party, but the standard which the other party was reasonably justified in acting upon —primarily and usually—the standard common to other persons generally, but, secondarily and peculiarly, the particular standard of the second party, if that should differ from the standard of the community and still be a reasonable one;" and he adds (§ 305*l*), "that it is the joint sense of the parties that is to be sought."

Two difficulties confront the present plaintiff—*first,* the examining physician had no authority to bind the company to any special or peculiar meaning of the words of the contract. *Dimick* v. *Metropolitan Life Insurance Co.,* 40 *Vroom* 384; *second,* the evidence fails to show any such agreement with the examining physician. It does not appear that at the time he made the statements attributed to him he was dealing with the warranty in question. It seems more probable that he was dealing with the previous inquiry as to whether the assured had ever had certain diseases or the inquiry as to the name of the complaint for which he had been attended. But even if he was dealing with the inquiry as to the assured's having been under the care of a physician, his statements do not indicate that those words were to be taken in other than their usual signification. They indicate rather an assurance that the question need not be answered or that the facts were immaterial. If he were authorized to bind the company in that respect, as he was not, it would amount merely to a waiver of an answer or an estoppel, or perhaps lay the foundation for a reformation of the contract.

That is very different, however, from establishing that the contract does not mean what it says.

The plaintiff also urges that the testimony was admissible for the purpose of establishing the validity of the contract. Such is not the fact. No issue is made of the validity of the contract. The plaintiff sues upon it as it stands; the defendant relies upon its terms. What the plaintiff seeks to show is not that the contract is valid, but that there has been no breach. In this he fails for the reasons already stated.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.    13.

*For reversal*—None.