WALTER J. HARRIS et al.

*v.*

LEIGH M. PEARSALL.

[Decided June 24th, 1914.]

1. Where a mortgage provided that any person acquiring two thousand five hundred square feet of land covered thereby might at any time tender the money and have the benefit of the clause for release of such portion, such provision constituted a continuing covenant on the part of the mortgagee to release to any purchaser of two thousand five hundred square feet or more the amount so purchased on tendering the proportionate part of the mortgage debt.

2. Where suit was instituted to compel specific performance of a mortgagee's covenant to release parts of the property on tender of a proportionate amount of the mortgage debt, the bill would be regarded as a suit for specific performance and not a bill to redeem, and defendant having answered denying complainant's right to a release, and been cast, costs would not be awarded to either party.

---

*Mr. Traverse A. Spraggins,* for the complainants.

*Mr. Floyd Thompson,* for the defendant.

STEVENSON, V. C. (orally).

I shall dispose of this case without regard to technicalities. There are a number of technical questions which arise in the

case. We have two parties suing as complainants, whose interests are entirely distinct. No objection has been made to the bill on the ground of multifariousness or misjoinder, and this is the sort of a case which very conveniently can be brought in that way, although an accurate analysis of the case would disclose two separate causes of action, which do not correlate. There is no difficulty in making a decree which covers the cases of both of these parties complainant as to their respective lots.

I shall construe the bill, not as a bill to quiet title, but as a bill to redeem, or as a bill to compel the specific performance of the covenant contained in the mortgage, and my conclusion is that this clause in the mortgage is not limited at all to any period, is permanently attached to the mortgage, and follows it as long as the mortgage exists, and that any person who acquires two thousand five hundred square feet of land covered by that mortgage may at any time before the mortgage comes due, or afterwards, come forward and tender the money and have the benefit of the clause for a release, contained in the mortgage.

This is not a new question in my mind. I have had occasion to consider it heretofore and, while there is no reported case that I know of where the question has been discussed or decided in this state, without any authority to the contrary, I think it is the duty of the court to take the language of the covenant precisely as it reads.

There is nothing in the mortgage which indicates that that covenant was to be operative only while the mortgage remained outstanding and not due. The language is general, and, in my judgment, creates an absolute, permanent right, and practically has the effect of distributing the mortgage through the tract, very much as if a separate mortgage was given on every two thousand five hundred square feet. Of course, that is not an accurate statement, because under the terms of this covenant a man might have three thousand five hundred square feet, and, by tendering the right amount, would be entitled to his release.

While the decree will give the complainants releases upon their payment of the amount, according to the scale fixed by the mortgage, it is very clear that they are not entitled to any costs.

They have not proved that they made any tender.

If this is to be regarded as a bill to redeem, then, under the old English rule, costs have to be paid by the complainant, not by the defendant. But that rule grew out of a state of affairs which does not exist, in my judgment, in this country, and I do not think the American courts have enforced it; it has not been declared to be a rule of practice in New Jersey. Moreover, this bill is more in the nature of a bill for the specific performance of the covenant contained in the mortgage.

In my judgment, the complainant is not entitled to any costs, and if the defendant had not come in with an answer denying the right of the complainant to a release, I think the decree should award costs to the defendant; but inasmuch as the defendant filed an answer denying the right of the complainants to any release at all, the decree will not award the defendant any costs. There will be no costs allowed to either party.