ABRAM MEYER

*v.*

DAVID P. REED.

[Submitted January 6th, 1920.   Decided January 15th, 1920.]

A lease perpetually renewable, where the rent reserved is one pepper-
corn, a release of which may be procured by paying the cost of drawing
the necessary papers, is not such a defect of title as will excuse the non-
performance of a contract to purchase lands providing that the property
was "to be conveyed by warranty deed by a record marketable title free
from all encumbrances."

On bill, &c.

*Mr. Isaac Fleischman,* for the complainant.

*Mr. Frank W. Long,* for the defendant.

FOSTER, V. C.

Complainant seeks a decree to compel the specific performance
of a written agreement made on April 25th, 1919, between the
parties for the sale of the premises known as No. 547 Orange
street, Newark.

The agreement, in substance, provides that, in consideration
of $100 paid by complainant to defendant, the former was given
"the sole and exclusive option to purchase or sell the premises
for $11,000.   The option to last until and to include the second
day of June, 1919."

The property was to "be conveyed by warranty deed by a
record marketable title free from all encumbrances excepting a
lease on the first floor."

By a letter dated May 10th, 1919, complainant notified de-
fendant that he had sold the property; and, again, on May 17th,

26th and 28th, complainant, or his attorney, notified defendant of the sale of the property and suggested a time and place for closing title; defendant did not reply to any of these communications, although he admits that two of them were received in his office in New York, and it appears that three of them were sent to him by registered mail. Defendant claims he tried unsuccessfully several times, between April 25th and June 2d, to get in touch with complainant about the contract, over the telephone and by calling at his office, but admits he never wrote complainant in regard to the matter.

After the contract was signed complainant had a search of the title made and discovered that the property was subject to various liens, including a perpetually renewable lease made by Trinity Episcopal Church to Caleb Perry, the rent reserved being a peppercorn; the lands in question being part of what was originally known as the parsonage lands of the church.

It appears that the discovery of the existence of this peppercorn lease is the real cause of this litigation. Defendant states he mentioned this peppercorn lease to complainant when the option was drawn, and thought the option was made subject to it; that he read the option hurriedly and signed it without noticing the omission of any reference to this lease. Complainant and his witnesses testify that this lease was not mentioned, although another one referred to in the option was, and he claims he had no knowledge of it until it was disclosed by the search.

Defendant's objections to performing the contract are: First, that the contract is void for want of consideration. No proof was offered to support this claim, while complainant's proofs clearly show an adequate and valuable consideration. Secondly, that tender of the purchase price has not been made. If this were a necessary prerequisite for a decree, it is sufficiently answered by the fact that defendant's own conduct, in refusing to answer complainant's request to meet him for the purpose of receiving the balance of the purchase-money and delivering his deed, prevented tender being made, and excused complainant from attempting to make tender; and, furthermore, tender is made by the pleadings, which alleged a readiness and willingness on the part of complainant to perform. But a formal tender is

not always necessary to be shown in order to justify the court decreeing specific performance, particularly where defendant's own conduct prevented it from being made. The question of tender being really one of costs. *Schreiber* v. *Menningham, 73 N. J. Eq. 134; Safford* v. *Barber, 74 N. J. Eq. 352; Roche* v. *Osborne, 69 Atl. Rep. 176.* Defendant's third objection is, that the court is without jurisdiction because complainant has a remedy at law. This does not require any serious consideration, as it is too well settled that the right to decree specific performance is within the discretionary jurisdiction of a court of equity. It may be well to state, however, that it is questionable if complainant has an adequate remedy at law. Defendant is a non-resident; service on him in this cause was made by publication; and his financial responsibility has not been shown; complainant's damages, if any, are unliquidated, and defendant's property could not be attached to satisfy them; whatever remedy complainant may have at law would have to be sought, probably, in another jurisdiction, and at considerable additional expense and loss of time. Under all the circumstances I am unable to find any merit in any of the objections urged by the defendant against the relief complainant now seeks.

As I have stated, it would appear that defendant's real reason for his refusal to perform his contract, is the existence of the peppercorn lease; he seems to think it impossible to have this cloud upon the title to the property removed except at great expense, and he has not, apparently, made any effort to ascertain if it is possible to have the rent reserved by the lease released. Complainant has, however, secured definite information on the subject, and it appears from correspondence in December last between complainant's solicitor and Mr. Chauncey G. Parker, counsel for Trinity Episcopal Church (which has been admitted in evidence), that there are outstanding two classes of leases made by the church—the first class running for one hundred years, with the right to renew for one hundred years more, and the second class being perpetually renewable leases.

For a release of leases under the first class the church asks the payment of ten per cent. of the actual value of that part of the land covered by the lease, and for a release of leases included in

the second class the church only requires the payment of the cost of drawing the necessary papers.

The fact that a release of the peppercorn lease on this property can be obtained by defendant on the reasonable terms mentioned, disposes of the last excuse or pretence urged by him against the performance of his contract; and a decree will be advised for complainant.