ALICE N. VAN ARSDALE et al., appellants,

*v.*

IDA GORENFLO et al., respondents.

[Decided February 2d, 1922.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"The bill is filed to foreclose a mortgage dated May 4th, 1914, given by Ida Gorenflo to complainant Alice M. Van Arsdale, covering several tracts of land situate in Newark and East Orange. The mortgage was given to secure the payment of a bond bearing even date with the mortgage made by Ida Gorenflo and another to said complainant, conditioned for the payment of the principal sum of $7,457.40, as follows: $250 on November 26th, 1914, and the like sum of $250 every six months thereafter until the due date of the bond, and the balance of the principal sum on November 26th, 1916, with interest, payable semi-annually. The bond contains the usual clause that in case of default in payment of interest, or installments of principal, for thirty days after the date whereon the same were made payable, the whole principal sum with interest should, at the option of the obligee, become due and payable immediately. It also contains a provision that the obligors, their heirs and assigns, may pay off the whole or any part of the principal before maturity, in sums not less than $300 in any one payment, and that lots of a specified area will be released from the mortgage given to secure the bond at a specified rate per front foot. The mortgage contains a provision that it is given with the express understanding and agreement that lots of a specified area will be released from the lien thereof at a specified rate per front foot, the area and the rate being the same as mentioned in the bond. It also contains the usual defeasance clause and recites the interest and installment of principal default clause contained in the bond.

"Through mesne conveyances the defendant Tinfowitch, by deed dated December 10th, 1915, recorded December 13th, 1915, became the owner of one of the lots, subject to the lien of the complainant's mortgage. His deed recites that it is made subject to the payment of $320, being part of complainant's mortgage, which sum he assumed and agreed to pay. That is, the amount which, by the terms of the bond and mortgage, he would be required to pay complainant for a release. Tinfowitch erected a building on his lot, and by mortgage dated February 14th, 1919, recorded March 17th, 1919, he mortgaged the premises to the defendant Traders Building and Loan Association; and by mortgage dated April 3d, 1919, recorded April 14th, 1919, he

gave another mortgage covering the premises to the defendant Albert Wolf Lumber Company.

"The $250 installments of principal which complainant's bond required to be paid semi-annually were not paid, but the complainant did not exercise the option given her by the bond to declare the whole principal sum due upon default in payment for thirty days. The whole principal sum fell due November 26th, 1916, but was not paid. Some time after the last-mentioned date, Tinfowitch tendered complainant the proper amount specified in the bond and mortgage for a release of his lot and demanded a release, which tender and demand were refused, the reason assigned by complainant being that Tinfowitch was not entitled to receive a release after the maturity of the bond, and complainant thereafter, on November 10th, 1919, filed this bill to foreclose her mortgage, making Tinfowitch and his wife, the Traders Building and Loan Association and the Albert Wolf Lumber Company, with others, defendants. Tinfowitch filed an answer denying complainant's right to foreclose as against him and a counter-claim in which he prays 'that he may have such relief against complainant as shall be necessary to place him in full and proper possession unencumbered as regards the mortgage in foreclosure' of the premises owned by him. Although this prayer does not ask definitely that the complainant be decreed to execute and deliver to him a release covering his property upon payment of the amount specified in the bond and mortgage, the cause was tried and argued upon the theory that he seeks such relief and his counter-claim may be amended accordingly. The answer of the Traders Building and Loan Association alleges that it is entitled to have the lot in question released from complainant's mortgage, and the defendant Albert Wolf Lumber Company has not answered, but has filed a notice that it desires its encumbrance reported on under the rule of this court.

"Complainant insists that the provision contained in the bond to the effect that permission to pay off the whole or any part of the principal money before maturity in sums not less than $300, applies to the clause which follows, which specifically refers to the releases, and she maintains that because of that provision Tinfowitch's right to a release expired when complainant's debt

matured, but I do not think so. As I read the provision in the bond, there were two options given the mortgagor, her heirs and assigns—first, the right to make payments on account of principal, which was expressly limited to before maturity, and second, the right to exact releases which was not limited as to time. The mortgage contains no reference to the right to make payments on account of principal, and the release clause therein contained is definite and specific, without limit as to time and contains no reference which would charge a purchaser from the mortgagor with notice and put him upon inquiry as to the terms of the bond in that respect.

"Complainant further maintains that Tinfowitch is not entitled to a release because he took title to his lot after the condition of the bond and mortgage had been broken—that is, after three defaults had occurred in the payment of semi-annual installments of principal and in two payments of interest. These defaults, continued for thirty days, gave complainant the option to declare the whole principal sum due and to demand immediate payment thereof with all arrearages of interest, but she did not exercise her option, and until she did exercise it, or until the due date of the bond arrived, her debt had not matured. In fact, she continued to give releases upon the terms specified in the bond and mortgage, not only after default in payment of interest and installments of principal had occurred, but after the due date of her bond.

"Complainant also maintains that in any event her liability to deliver releases extended to demand therefor made before the due date of the bond. It is my conclusion that under the release clause contained in the mortgage, the privilege given to the mortgagor and her assigns to receive releases for lots of a certain size, at a specified rate per front foot, is not limited as to the time within which it should be exercised by one who purchased from the mortgagor before the principal fell due, and that Tinfowitch, being such a purchaser and having demanded a release before the bill in this cause was filed, accompanying his demand by tender of a proper sum of money, was entitled to receive a release, although his demand was made after the maturity of the debt. *Hall* v. *Home Building Co., 56 N. J. Eq. 304; American Net,*

&c., Co. v. Githens, 57 N. J. Eq. 539; Ventnor Investment Co. v. Record, &c., Co., 79 N. J. Eq. 103; Savings Investment, &c., Co. v. United, &c., Co., 84 N. J. Eq. 472, 475.

"Tinfowitch should have completed his tender after this suit was commenced by paying into court the amount he claims complainant should have accepted when he filed his answer. He may now pay into court $320, which, I believe, is the amount specified in the bond and mortgage for a release of the premises in question, with interest on that sum to be computed from the date to which interest was last paid complainant, to the time of payment into court. Or, if complainant will waive payment into court and will execute and deliver a release to Tinfowitch, such payment may be made direct to complainant. In any event, complainant will be decreed to deliver a release to Tinfowitch.

"I think Tinfowitch is in a measure responsible for this litigation, because he neglected for so long a time after becoming the owner of his lot to demand a release, and, therefore, I shall not allow him costs as against complainant. The interest which the Traders Building and Loan Association has in the lot is derived through Tinfowitch, and it will receive the relief it seeks through the release complainant is to deliver to Tinfowitch. No costs will be allowed as between this defendant and complainant.

"Tinfowitch filed a counter-claim against the Traders Building and Loan Association seeking relief which, in my judgment, cannot be granted in this suit. The counter-claim will be dismissed, but without costs."

*Messrs. Parker, Emery & Van Riper,* for the appellants.

*Mr. James B. Furber, Mr. Samuel Herman* and *Mr. Casimiro Scoppettone.*

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Fielder.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—13.

*For reversal*—None.