The mortgage under foreclosure covers several hundred lots and was made by Portaupeck Properties, Incorporated. The bill alleges that the amount due thereon is $68,670, with interest from October 1st, 1928. The mortgage contains a clause whereby the holder agrees to release any of the lots for a specified sum per lot, each release to be drawn by the attorney for the holder at an expense of $5 to the releasee.
Prior to the maturity of the mortgage, Portaupeck Properties, Incorporated, entered into contracts with the answering *Page 454 
defendants for the conveyance to them respectively of a total of eighty-one of the mortgaged lots and in some instances had delivered deeds under said contracts. About three months after the mortgage matured the complainant filed its bill to foreclose, naming as defendants (among others) such of the answering defendants as then held recorded deeds. Other individuals who held contracts to purchase from the Portaupeck Properties, Incorporated, but whose deeds or contracts were recorded after the bill of complaint was filed, were subsequently admitted as party defendants and answered the bill. About two weeks after the bill was filed, Portaupeck Properties, Incorporated, through a bank acting on its behalf, notified the complainant that said bank had on deposit to be forwarded to the complainant, on account of principal and interest on its mortgage, the total amount at the specified rate per lot for a release of said eighty-one lots, with interest on that sum from October 1st, 1928, to a week subsequent to the date of the notice to be paid upon deposit with the complainant's bank of a properly executed release for said lots, to which notice response was made at the complainant's direction, that the complainant demanded payment of the entire amount of principal and interest due on its mortgage. The complainant had then taken the position which it has maintained throughout this litigation, that it cannot be required to release any of the mortgaged lots upon demand made after the maturity of its mortgage and after filing its bill to foreclose. The answering defendants seek, by their counter-claim, to compel the complainant to execute a release for their eighty-one lots upon payment of such sum as this court may adjudge proper.
The release clause as contained in the mortgage was not limited as to the time in which it should be exercised by those who purchased lots from the mortgagor before the principal fell due and the answering defendants, being such purchasers, are entitled to have their releases upon payment of the proper sum, although demand for the releases was made on their behalf after maturity of the mortgage debt and after the bill was filed. Hall v.Home Building Co., 56 N.J. Eq. *Page 455 304; American Net, c., Co. v. Githens, 57 N.J. Eq. 539;Ventnor, c., Co. v. Record, c., Co., 79 N.J. Eq. 103; Harris
v. Pearsall, 83 N.J. Eq. 472.
The demand and tender were made within two weeks after the bill was filed and before process of subpoena was issued. A month after such demand the complainant filed an amended bill of complaint and not until five days thereafter did it cause subpoena to answer to issue. The filing of the bill was not the commencement of this suit, for a suit in chancery is not "commenced" until process of subpoena is issued after the filing of the bill (Haughwout v. Murphy, 22 N.J. Eq. 531; Hermann v.Mexican, c., Co., 85 N.J. Eq. 367) so that the defendants were not in laches, as was the case in Avon, c., Co. v. Finn,56 N.J. Eq. 805, because the demand for releases, although after the maturity of the mortgage, was before the commencement of the suit and therefore timely. In Van Arsdale v. Gorenflo, 93 N.J. Eq. 486,
in which a somewhat similar mortgage release clause was under consideration, it was held that a purchaser from a mortgagor before the principal fell due, was entitled to a release where his demand was made after maturity of the mortgage and before bill filed.
The complainant contends that the tender made on behalf of the defendants was not good because it did not include costs of suit and because the amount tendered was not paid into court. It might also be noted that the tender did not include the amount to be paid for drawing a release.
When the tender was made the only step taken in this proceeding was the filing of the bill. The complainant did not refuse the tender and decline to execute a release because the amount tendered was insufficient; its refusal was put on the ground that the defendants had no right to a release. It had then taken the position that no matter what amount less than the entire principal and interest due on its mortgage was tendered, it would not release, and having taken that position it should not now be heard to complain of the insufficiency of the tender. At one of the hearings in this cause, the defendants tendered the complainant in open *Page 456 
court the sum specified in the mortgage for a release of the eighty-one lots, with interest from October 1st, 1928, together with $5 for drawing the release and all costs which might be taxed against the defendants, which offer was refused for the reason before stated. The complainant's refusal to accept anything less than the full amount of principal and interest, excused the defendants from making an actual tender. Meyer v.Reed, 91 N.J. Eq. 237.
To stop interest on the amount to be paid the complainant for a release, the defendants should have completed their tender by paying the amount tendered into court. It is equitable that the defendants should pay interest upon that part of the mortgage debt which was, in a sense, imposed on their lots and they recognized this obligation by the tender they made in court. They may now pay into court $5,415, which is the amount the parties agree is required by the mortgage for a release of the eighty-one lots in question, with interest on that sum from October 1st, 1928, to the time of payment into court. Or, if the complainant will waive payment into court and will execute and deliver a release to Portaupeck Properties, Incorporated, or to such other releasee as the defendants may designate, such payment may be made direct to the complainant, together with $5 for drawing the release. In any event, the complainant will be decreed to deliver such release.
Because demand for the release was delayed so long, the defendants are somewhat responsible for this litigation and therefore I shall not allow them costs as against the complainant and since I have found that the defendants are entitled to have a release from the complainant, no costs can be allowed the complainant as against these defendants. *Page 457