iting them. The license here in question is analogous, not to franchises and stage routes, but to the use, commonly seen in public parks, of goat carriages, ponies, and the like, for the conveyance of juvenile passengers.

Motion denied, with $10 costs.

---

### TAYLOR v. SECURITY MUT. LIFE INS. CO. et al.

(Supreme Court, Special Term, New York County. August, 1902.)

1. PROCESS—PUBLICATION—SUFFICIENCY.

> In an action on an insurance policy, notice by publication on one outside the state, having possession of the policy, and claiming the proceeds thereof by virtue of an assignment, will be deemed good where whatever judgment rendered can be fully enforced, and will be binding on all parties concerned.

Action by Ellen M. Taylor, administratrix, against the Security Mutual Life Insurance Company and another. Motion by defendant insurance company for an order staying plaintiff from noticing the action for trial. Denied.

Frederic W. Jenkins (Carter, Hughes & Dwight, of counsel), for the motion.

Everett H. Osborn, opposed.

GIEGERICH, J. This motion is made on behalf of the defendant Security Mutual Life Insurance Company for an order staying and enjoining the plaintiff from noticing the action for trial, and from taking any other steps or proceedings until she shall have brought in court the defendant Farrell. The action is brought by the plaintiff upon an insurance policy issued by the defendant company, and the defendant Farrell is made a party in order that an alleged assignment which he claims to have received from William H. Taylor, the assured in the policy, be declared void; or, in the alternative, that the amount of Farrell's advances, made on the security of the policy, be ascertained and determined. The defendant company is a domestic corporation, and the policy in question expressly provides that the place of the contract is in the state of New York. The policy itself, however, appears to be in the possession of Farrell in Hartford, Conn., of which state he is a resident. The motion might be denied upon the ground that it is prematurely brought, and that the remedy of the defendant company would be to move to dismiss on the trial if by that time the defendant Farrell has not been brought in as a party. Under the peculiar circumstances of the case, however, it being stated that it will be necessary that commissions be issued to take depositions in other states in preparation for the trial, I deem it better to express some views upon the merits of the real question involved, which is whether or not the service by publication heretofore made on Farrell was good; because, if good, it is obvious that the avowed ground of the motion has no existence. The brief presented in support of the motion

does not touch upon this point, it appearing to be assumed that such publication was a nullity. I am, however, of the contrary opinion. It is true that under the present Code provisions governing service by publication (sections 438 and 439 of the Code of Civil Procedure) it has been held, as in Bryan v. Publishing Co., 112 N. Y. 382, 19 N. E. 825, 2 L. R. A. 638, that it must appear not only that the defendant so sought to be served is a nonresident, but also that a sufficient cause of action exists against him. The policy of the statute seems to be to allow service by publication where the situation is such that the courts of this state could enforce such judgment as they might finally render. This is shown by the following language from Bryan v. Publishing Co., supra (page 388, 112 N. Y., page 827, 19 N. E., and 2 L. R. A. 638):

"The court can give no relief, and the impropriety of issuing an order which, if it leads to a judgment, 'would operate on nothing in the state, and be regarded by nobody out of it,' becomes apparent. It offends every principle by which the jurisdiction of a court can be vindicated, and should not be allowed to stand."

Such is not the case here, however. The insurance company against which recovery is sought is a party to the action. If service by publication is held good, the rival claimants for the amount of the policy will be parties to the action, and whatever judgment is rendered can be fully enforced, and will be binding on all parties concerned. If the litigation related to the possession of the policy, an obviously different case would be presented, and one in which the decree of the court would be a futility, if it should determine the question of the right to possession against a nonresident, who had the policy with him in another state. But as this action is brought, the controversy passes beyond the question of the right to possess the policy, and comes to the ultimate question of who is entitled to the money to be obtained thereon.

Motion denied, with $10 costs.