STOCKBRIDGE v. PHŒNIX MUT. LIFE INS. CO. et al.

(District Court, D. Connecticut. February 12, 1912.)

No. 1,352.

1. Equity (§ 136*)—Bill—Dismissal.

Where a bill, when fairly read, fails to state a case which confers jurisdiction, it is the duty of the court of its own motion to dismiss it.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 316; Dec. Dig. § 136.*]

2. Courts (§ 268*)—Federal Courts—Jurisdiction.

Act Cong. March 3, 1875, c. 137, § 8, 18 Stat. 472, provides that when, in any suit commenced in any Circuit Court of the United States to en-

force any legal or equitable lien on or title to real or personal property within the district where the suit was brought, one or more of the defendants therein shall not be an inhabitant of or found within said district, or shall not voluntarily appear therein, the court may by specified means acquire jurisdiction over such absent defendant. *Held* that, where R., not an inhabitant of the district, and who had not been found within it, had a transitory cause of action on an insurance policy issued by a company within the district, and she was a necessary party to a suit by complainant with reference to such insurance. R.'s claim against the insurance company had no such situs within the district as to justify the court in taking jurisdiction of the bill.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806–807, 812; Dec. Dig. § 268.*]

In Equity. Suit by Ida V. Stockbridge against the Phœnix Mutual Life Insurance Company and another. Bill dismissed.

William M. Stockbridge and Edward M. Day, for complainant.

Robinson & Robinson and Gross, Hyde & Shipman, for defendants.

PLATT, District Judge. Whether or not the bill sets forth sufficient facts to bring the parties defendant within our jurisdiction has been suggested by the papers filed on November 6, 1911, by each defendant, which in substance say that they come here for the sole purpose of making that suggestion.

[1] I am satisfied that if the bill, when fairly read, fails to state a case which confers jurisdiction, it is the duty of the court sua sponte to dismiss it. It is conceded that the court is without power, unless it has been conferred by the provisions of section 8 of the act of March 3, 1875 (18 Stat. 472, c. 137). This is the pertinent part of that section:

"That when in any suit commenced in any Circuit Court of the United States, to enforce any legal or equitable lien upon, or title to real or personal property within the District where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said District, or shall not voluntarily appear thereto"

—the court may, by the means therein set forth, acquire jurisdiction over such absent defendants.

[2] Since the bill shows that Mrs. Ringwalt is not an inhabitant of the district, and has not been found within it, there must appear such facts as will bring its character within the definitions fixed by Congress in the section referred to. She is a necessary party, and, if the court cannot control her, the suit drops of its own weight.

The petitioner has presented a very clever bill, and vigorously insists that it discloses beyond question that the suit does come within those definitions. Taking the bill at its face value, this may be true; but, of course, the court is not bound to accept phrases as allegations of fact. It is bound to dissect and analyze, so that it may learn what is the real nature of the bill. The bill must show by the allegations of relevant facts, and by the nature of the relief demanded, that two plain propositions are presented therein and fully covered: First, that there is property within the district over which the parties are in dispute; second, that the petitioner has, in equity, either the title

to or a claim upon that property. It may lighten my labors to discuss the first proposition with some particularity.

The absent defendant has, in law, a claim against the insurance company as the beneficiary under the two policies. The policies are merely statements on paper of what the contract was. The conditions precedent in the contract have been fulfilled, and payment on the contract is due. Is the claim a tangible, fixed, definite, and certain thing, with its situs here? It strikes me that Mrs. Ringwalt can assert and enforce her claim against the insurance company without coming into this district. It is a claim which, from its inherent nature, is transitory, attaches to her person, and can be taken with her wherever she goes. It is like the contents of a handbag, in which she might carry the usual accessories of a journey. She is no more constrained to come to Hartford to make use of her claim than she would be to use the contents of the handbag. It is a thing subject to constant shifting, changing, and uncertainty. That the policies may have been within the district when the suit was brought is immaterial. She could press her claim in another forum in spite of their presence here. The papers upon which the contracts of insurance are written are not of the essence of the contention which this suit presents.

The nearest approach to the case at bar and really the only excuse for bringing it here, is Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647. Jurisdiction was sustained there, because the stock was in Michigan. The actual property was there, although the certificates representing it were in Massachusetts. In our suit there is no specific property here over which the parties are in dispute. The policies do not represent any such property. If the insurance company had some fund in which Mrs. Ringwalt was asserting a right of ownership by reason of her policies, this case would be analogous. There is no such fund, and Mrs. Ringwalt makes no such assertion. The insurance company is in no possible sense of the word a stakeholder. It is a corporation with abundant assets to respond to all lawful claims against it, but it has no fund in its possession to which either of the parties to the suit can lay claim.

If my reasoning on this point is right, it is immaterial whether the claim is or is not property. I am inclined to the opinion that, if the case turned on that point, I should be forced to find that in a certain sense it is property, but should have grave doubt as to its being the kind of property which Congress had in mind when it enacted the section 8 which we have been discussing.

It being my opinion that a careful reading of the bill discloses that there is no property within the district over which the parties are contending, it is my duty to find that the court is without jurisdiction. The bill must therefore be dismissed.

So ordered.