to both sections, 11529 and 11532?   In other words, do the provisions of 11532 limit the officers named in 11529 in the taking of an affidavit as they do in the taking of a deposition?   The affidavit referred to by Section 11524 is one to be used as provided by Section 11523, that is: "to verify a pleading, to prove the service of summons, notice, or other process in an action or to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion or in any other case permitted by law."

"In any other case permitted by law," here means any case necessary to carry out the provisions of the code of civil procedure.

It is apparent from sections herein quoted that the affidavit here objected to is so necessary.   An examination of the case of *Leavitt* v. *Rosenberg*, 83 O. S., at pages 239-240, will make clear the importance of the question here raised.   Under authority of that case it is jurisdictional in its character.

The motion is sustained.

---

## SERVICE UPON A NON-RESIDENT.

Common Pleas Court of Hamilton County.

ROBERT H. DOEPKE v. THE CHRISTY BOX CAR LOADER COMPANY
ET AL.

Decided, May 10, 1913.

*Summons—Constructive Service Against Non-Resident Defendant with No Chattel Property Within the State—Action to Reform Promissory Notes—Section 11292.*

Where a non-resident sends promissory notes into the state for the purpose of collection, such non-resident is subject to constructive service of summons in an action for reformation of said notes.

*Kelley & Hauck*, for the motion.
*Froome Morris*, contra.

GEOGHEGAN, J.

The petition in substance alleges that the defendant, the Christy Box Car Loader Company, entered into a contract with James R. Shanklin Coal Company and accepted certain promissory notes of the said company; that by mistake the plaintiff, being then the president of the company and required by the regulations of the company to countersign the notes, signed his name to the notes without affixing to his signature, his official designation as president; that the said notes were delivered to the defendant, the Christy Box Car Loader Company, and were intended to be the notes of the James R. Shanklin Coal Company in pursuance of said contract, and that the Christy Box Car Loader Company and the plaintiff supposed and intended said notes to be the promissory notes solely of the Shanklin Coal Company; that on the 29th of November 1912, the defendant, the Christy Box Car Loader Company, by its attorney, the defendant, Joseph B. Kelley, instituted two separate actions in a magistrate's court upon two of the notes which had become due. It is alleged further in the petition that the said magistrate has no jurisdiction in equity, and that, therefore, plaintiff is unable to set up his equitable defense that the notes were signed by him by mistake, because the magistrate has no power to hear or determine said defense; that unless the defendant, the Christy Box Car Loader Company, and their attorney are restrained, they will take judgment and seize plaintiff's property and confiscate the same without his having an opportunity to set up his defense as aforesaid. The prayer is that a restraining order issue against the company, its attorney, and the magistrate, from proceeding with the aforesaid actions, and that the notes be reformed so as to express the true contract of the parties.

The Christy Box Car Loader Company being a non-resident, an affidavit for constructive service was filed under the provisions of Section 11292, General Code, paragraph 9, and the usual statutory requirements were complied with in order to obtain constructive service upon the Christy Box Car Company, the non-resident defendant.

The question then is, is this one of the kinds of action mentioned in Section 11292 of the General Code, which provides how service may be made by publication?

In his affidavit for constructive service, the plaintiff avers that the cause of action contained in the petition comes under the provisions of paragraph 9 of the aforesaid section. Paragraph 9 is as follows:

"In an action which relates to or the subject of which is real or personal property in this state, when the defendant has or claims a lien thereon, or an actual or contingent interest therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is not a resident of this state, or is a foreign corporation, or his place of residence can not be ascertained."

If this action comes within the provisions of that section, the constructive service is good; if it does not, the constructive service should be set aside.

It will be observed that the ultimate relief sought for herein is the reformation of the two notes upon which it is alleged suit has been brought in the court of the justice of the peace, of this county, so that they may be made to express the true contract between the defendant, the James R. Shanklin Coal Company, and the Christy Box Car Loader Company. No personal judgment is sought and the only effect of the order of the court in case it is found that the plaintiff is entitled to the relief prayed for, would be to order that the notes set forth in the petition be reformed, and leave the parties in precisely the same position they are now with reference to the debt. No rescission or cancellation of the contract is prayed for, nor is it sought in any way to extinguish the debt owing to the defendant, the Christy Box Car Loader Company, which is, so far as this petition is concerned, admitted.

The courts in considering this section of the code, or similar sections in other states, have made a distinction between an action *in personam* and an action *in rem*, holding that where the action is an action *in rem*, constructive service may be had.

In *Sohege* v. *The Singer Mfg. Co.*, 68 Atlantic Rep., 64, the Court of Chancery of New Jersey, in an action by a citizen of New Jersey against certain foreign defendants to compel a New Jersey corporation to transfer certain shares of stock to resident complainants and to place their names on the register, held that this was such an action wherein constructive service might be had, and it cited *Andrews* v. *Railway Company*, 60 Atlantic Rep., 568, in which it was held that this sort of an action was *quasi in rem*, and that the court had the right to bring the parties in by substituted service; the basis of that ruling being that the shares of stock, being those of a New Jersey corporation, had their situs in New Jersey.

The Supreme Court of New York, in the case of *Everett* v. *Everett*, 47 N. Y. Sup., 994, held that the judgment of the state of New York procured by fraud was so far a *res* remaining within the jurisdiction that in a suit to set it aside against a non-resident, service might be had by publication.

In *Miller et al* v. *Jones et al*, 67 Hun., 281, the court in referring to Section 438 of the New York code, paragraph 5, which is very similar in its language to the section of the Ohio code we have under consideration, and perhaps not quite so broad as paragraph 9 of the Ohio section, say:

"It is to be observed that the subdivision is not limited to chattels, but the more extensive term is used 'personal property.' The contract between plaintiff and Jones, the construction of which was in issue as well as the rights of plaintiffs under it, was executed in this state and all parties then lived here and the business was to be carried on here. The assignments which were sought to be set aside were executed and delivered here. They so appear upon their face. The plaintiff's cause of action, therefore, accrued here."

And the court goes on to hold that the right to use a certain patent right is property, and in its character personal, and constructive service was therefore allowed to be made against a non-resident defendant in an action to enforce certain rights under a contract made with reference to the patent.

Practically the same rule was laid down in *Ryan* v. *Railway Co.,* 83 Fed. Rep., 889, wherein the delivery of certain shares of stock was sought as against non-resident defendants, the shares of stock being then in possession of the corporation, in the district of the plaintiff's residence; in *Taylor* v. *Insurance Co.,* 77 N. Y. Supp., 1012, wherein the action was on an insurance policy, the defendant having possession of the policy, and being a non-resident of the state and claiming assignment of the proceeds of the policy, which were payable in New York; in *Chesley* v. *Morton,* 41 N. Y. Supp., 464, wherein a personal judgment was sought against a non-resident, and ancillary thereto, a subjection of partnership assets within the state to the lien of the partner to have them applied to the payment of firm debts; and in *Lockwood* v. *Brántley,* 31 Hun., 155, wherein it was held that shares of stock standing on the books of the corporation within the state was sufficient in an action concerning them to allow constructive service upon non-resident defendants under Section 438 of the New York Code of Civil Procedure, paragraph 5.

In this case it is contended that there can be no constructive service for the reason that there is no personal property of the defendant, the Christy Box Car Loader Company, within the state. It will be observed that the petition recites that the promissory notes which are sought to be reformed are in the hands of the agent of the said company, Joseph B. Kelley; that they were brought into this state for the purpose of suit.

It would certainly seem a strange doctrine, if a resident of another state could come into this state and sue upon a debt which is evidenced by certain promissory notes that are brought into this state for the purpose of the suit and placed in the hands of the said non-resident's attorney, and then evade the jurisdiction of this state in an equitable action to reform the contract where no personal judgment is sought against the non-resident defendant.

Whatever judgment might be rendered upon the prayer of the petition can only affect the thing and not the rights of the

person in the thing itself.    In other words, the defendant, the Christy Box Car Loader Company, if unsuccessful in the action here, would still have whatever rights it may now have against the person who is really indebted to it, and no judgment herein can prejudice that right.

Every state owes protection to its own citizens, and it is the duty of tribunals of this state to protect the rights of its citizens, especially when non-residents assert rights in its jurisdiction against residents and then seek to evade the responsibility of answering the actions of residents by evading or attempting to evade service of summons.

It has been argued that plaintiff may suffer judgment to be rendered against him in the magistrate's court in the actions, and put in appeal bonds and appeal the cases to this court, and there set up his equitable defense.    I do not think it is the policy of the law to require persons situated as plaintiff claims he is situated herein, to go to the trouble and expense and annoyance of putting in a bond to supersede a judgment of the magistrate's court in order that he may have his rights finally determined in the common pleas court.    It may be impossible in many cases for persons so situated to give bond.

Counsel for defendant has cited the case of *San Bernardino Bank* v. *Anderson*, 32 Pac. Rep., 168.    This citation might be valuable upon demurrer to the petition, or upon the final submission.    It is not necessary, however, to determine on a motion to set aside constructive service whether or not a good cause of action is stated in the petition.    The Ohio code, unlike the New York code (Section 439) has no requirement that the court shall determine upon application for constructive service whether or not the petition states a cause of action.

In view of these considerations, I am of the opinion that the motion to set aside the service is not well taken, and it will therefore be overruled.