FIRST NATIONAL BANK OF BROKEN BOW *v.* BANK OF HORATIO.

Opinion delivered November 26, 1923.

1.  VENUE—ACTION TO CANCEL CERTIFICATES OF DEPOSIT.—An action to cancel a bank's certificates of deposit was properly brought in the county in which the bank holding the funds represented thereby was situated, though defendant assignee was a nonresident, and constructive service was sufficient to bring the nonresident into court, the action being *quasi in rem.*

2.  BILLS AND NOTES—CERTIFICATES OF DEPOSIT.—Under Crawford & Moses' Dig., § 475, certificates of deposit, though assignable, are not negotiable paper, and the purchaser acquires title subject to defenses which might have been made against them in the hands of the original payee.

3.  PROCESS—MOTION TO QUASH—ABANDONMENT.—A defendant constructively summoned, who appeared specially to move to quash the service, will be held to have abandoned the motion by not requesting a ruling thereon before or at the time the cause was submitted.

4.  JUDGMENT—REVERSAL OF, ON CONSTRUCTIVE SERVICE.—In an action against a bank which had issued certificates of deposit and against the assignee thereof, to set aside the assignment, in which judgment was rendered for the plaintiff, a reversal of the judg-

ment as to the plaintiff, on retrial of the cause, on motion of assignee, constructively served, did not affect the original decree in so far as it ordered the bank to pay the funds to plaintiff; the only relief accorded to the assignee being an order against plaintiff and her bondsmen for restitution of money wrongfully received by her.

Appeal from Sevier Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Abe Collins* and *John C. Head,* for appellant.

1.   There was no venue in Sevier County in this case, as against appellant.   The proceeding must of necessity be *in rem* where there is no jurisdiction of the person, and, in order to bind the property, it is necessary that it be found in the jurisdiction of the court.   C. & M. Dig., § 6269; *Id.* § 502; *Id.* § 1164-1174; 72 Ark. 322.

2.   It was error to permit appellant to appear specially and file the motion to quash the service, and then, without disposing of the motion, render judgment by default against it.   4 Ark. 526; 5 Ark. 193; 17 Ark. 454; 6 Ark. 552.   It is error to render judgment by default where issues remain undisposed of.   23 Ark. 18; 42 Ark. 268; 8 Ark. 502; 25 Ark. 622; 24 Ark. 569; 25 Ark. 105.

The *situs* of the property involved was in Oklahoma. The action was *in personam,* and therefore the chancery court had no jurisdiction either of the person of appellant or of the subject matter of the action.   60 S. W. 485; 36 S. W. 16; 133 N. Y. S. 482; 66 S. E. 567; U. S. Adv. Opinions, 1921-22, p. 280.   The *situs* of the action was at the domicile of the appellant.   71 N. E. 111; 104 Am. St. Rep. 560.   As to the lack of jurisdiction in the chancery court here, see 95 U. S. 727; 169 U. S. 243, 42 L. ed. 733; 11 Sup. Ct. 960; 21 C. J. 150; 9 How. 336, 13 L. ed. 164; 40 Am. Dec. 111; 19 Am. Dec. 755; 97 Atl. 337; 8 N. W. 804; 50 Am. Dec. 666; 6 Am. Dec. 83; 31 N. W. 210; 8 S. W. 295; 150 N. W. 476; 158 Pac. 587.   The statutes of Arkansas do not confer jurisdiction *in rem* in actions of cancellation or rescission, but provide to the contrary.   C. & M. Digest, § 6269; *Id.* 6270; 90 Ark. 44,

117 S. W. 754; 143 Ark. 539, 220 S. W. 819; 34 Ark. 399; 26 Ark. 124; 4 Ark. 197; 6 C. J. 33; 15 C. J. § 90; 215 U. S. 1; 30 Sup. Ct. 3, 54 L. ed. 65; 25 Am. Rep. 416; 12 Am. Rep. 291; 14 Am. Dec. 543; 177 S. W. 66; 21 C. J. 149, § 130; 95 U. S. 727; 119 U. S. 185, 30 L. ed. 372. Jurisdiction to render a judgment *in rem* inheres only in the courts of the State which is the *situs* of the *res*. 16 Pet. 25, 10 L. ed. 873; 22 N. J. Eq. 115; 27 Ark. 482; 47 Ark. 254; 16 So. 606; 43 L. R. A. 403; 166 Pac. 176; 150 Pac. 1070; 169 Pac. 727.

*E. K. Edwards*, for appellee.

I. The decree was regular on its face, and recites jurisdictional facts, among others, that appellant had been constructively summoned. So, the question as to giving judgment without disposing of the motion to quash passes out, for the recitals of the decree must be taken as true. 77 Ark. 497; C. & M. Digest, § 6239; 63 Ark. 513; 106 Ark. 95. Moreover, appellant abandoned or waived the motion by failure to insist upon a ruling by the court.

2. It was the fund of which the certificates of deposit were the evidence that was involved in the litigation and not the certificates, and that fund was on deposit in the appellee bank. The jurisdiction was therefore in the chancery court here, and not in the Oklahoma court. 22 Ark. 391; 133 Ark. 289; 55 Ark. 445; C. & M. Digest, § 6297. This was not an action purely *in personam*. Plaintiff sued out a writ of injunction and had it served upon appellee, impounding the money or deposits in its hands. This constituted an action *quasi in rem, i. e.*, a proceeding against a person in respect to the property. 146 Ark. 417; 1 R. C. L. § 13; 1 C. J. 1041, § 17; 10 N. E. 160; 164; 1 C. J. § 171.

3. Under the statute, C. & M. Dig., § 6266, under which appellant has elected to proceed, appellant was not entitled to a judgment over against appellee. When the court rendered judgment in favor of the plaintiff below, it had the power to enforce its decree

and order appellee to pay over the fund involved to plaintiff.   128 Ark. 353; 131 Ark. 144.   And afterwards, proceeding under the statute, *supra,* it could, as it did, adjudge the plaintiff and her bond, to make restitution, but it had no power to extend that judgment against a third party, or that the appellant should have restitution from a co-defendant in the original action.   C. & M. Dig., § 6261; 123 Ark. 523.

HUMPHREYS, J.   This suit was instituted in the chancery court of Sevier County on March 12, 1921, by Zilphie Gilmore against appellant, appellee and G. S. Gilmore, her husband, to cancel an assignment of two certificates of deposit to the First National Bank of Broken Bow, an Oklahoma corporation, one of which had been issued to her and the other to her husband by the Bank of Horatio, an Arkansas corporation, and to collect the deposit.   She alleged that she deposited $300 in the Bank of Horatio for which the certificates were issued, and that she was induced to sign them to the First National Bank of Broken Bow, in payment of her husband's indebtedness to it, through the false representation that her husband had committed a felony by trading certain property which he had mortgaged to it, when, in truth and fact, said bank had consented for him to trade the property.   Ancillary to this suit, an injunction was obtained impounding the fund evidenced by the certificates in the Bank of Horatio.   S. G. Gilmore and the Bank of Horatio were personally served with summons, and the First National Bank of Broken Bow was constructively served by delivering a copy of the complaint, with summons attached to it, in the manner provided by § 1157 of Crawford & Moses' Digest.

The Bank of Horatio answered, admitting the deposit of the fund and the issuance of the certificates, offering to pay the fund to the party adjudged to be lawfully entitled thereto.

The First National Bank of Broken Bow entered its appearance specially for the purpose of filing a motion

to quash the service, but never obtained a ruling thereon. At the October term, 1921, of the court, the cause was submitted upon the pleadings and testimony, from which the court found that the Bank of Horatio and G. S. Gilmore had been personally served, and that the First National Bank of Broken Bow had been constructively served; that the assignment of the certificates had been induced through fraud, and for that reason the title thereto had not passed, and that the plaintiff, Zilphie Gilmore, was the owner of them, and ordered the payment of the fund evidenced by the certificates to said plaintiff, upon execution of the bond to the nonresident defendant, the First National Bank of Broken Bow, in the manner provided and for the purpose specified in § 6266 of Crawford & Moses' Digest. The bond was executed and the money paid to plaintiff in accordance with the decree of the court.

On the fifth day of April, 1922, appellant presented its motion, answer, and cross-bill under the authority of § 6266 of Crawford & Moses' Digest, to obtain a retrial of the cause upon its merits. The pleading filed by the appellant denied the material allegations in the complaint of Zilphie Gilmore, and alleged that the assignment of the certificates was voluntary on her part; "that the decree entered October 25, 1921, was void and constituted no authority to the Bank of Horatio to pay this money to plaintiff; that personal service had not been obtained upon this bank; that this court had no jurisdiction over the certificates of deposit, said certificates being outstanding negotiable instruments out of the jurisdiction of this court, the *situs* thereof being in Oklahoma; that said certificates were not impounded and held under any writ of garnishment or attachment of this court, and that plaintiff and the First National Bank of Broken Bow were at all times during the progress of this suit residents of Oklahoma." The prayer was that the judgment be set aside, and that it have judgment over against the Bank of Horatio.

The Bank of Horatio answered, in substance, that the First National Bank of Broken Bow was constructively summoned; that the decree ordering it to pay the fund over to Zilphie Gilmore was not void, but, on the contrary, was regular and valid.

The cause was again heard upon the pleadings and testimony, which resulted in a finding that the assignment of the certificates was not induced through misrepresentations, but was voluntarily made, and a decree against Zilphie Gilmore and her bondsmen for the amount of the deposit, from which no appeal was prosecuted; also a finding that the First National Bank of Broken Bow was not entitled to recover from the Bank of Horatio, and a consequent decree dismissing its cross-complaint against said bank. Appellant has appealed from the decree dismissing its cross-complaint against appellee, and that branch of the case is before us for trial *de novo.*

Appellant contends for a reversal of the decree upon the ground that the *situs* of the action was at Broken Bow, Oklahoma, the place of appellant's residence. In other words, it contends that the action was strictly *in personam,* and that the chancery court of Sevier County, Arkansas, had no jurisdiction to render a judgment affecting a fund for which it held certificates of deposit, upon constructive service. We cannot agree with appellant that this proceeding was one strictly *in personam.* The fund evidenced by the certificates was the real subject of litigation. It was in the Bank of Horatio. In form the certificates are not negotiable. They are assignable under the statute of this State (§ 475 of Crawford & Moses' Digest), but not in the sense of commercial paper. The purchaser of such certificates only acquires title by assignment, subject to all defenses which might have been made to them in the hands of the original payee. It is true this suit was against appellant, but it concerned the ownership of a fund not evidenced by negotiable paper in a com-

mercial sense, which fund was within the jurisdiction of the court and which had been impounded by ancillary injunction issued out of the court. It was an action *quasi in rem,* or in the nature of a suit *in rem.* 1 R. C. L., Actions, § 13. For this reason the *situs* of the action was where the fund was located. It follows that constructive service in respect to ownership and disposition of the particular fund was sufficient to bring appellant, who was a nonresident, and who claimed an interest in the property, into court. While no personal decree could have been rendered against appellant upon constructive service, any decree rendered with respect to the disposition of the property was binding upon it, unless afterwards modified or set aside. The fact that the court rendered a decree ordering the Bank of Horatio to pay the fund to Zilphie Gilmore, before passing upon the motion to quash the service, made no difference. Appellant abandoned the motion by not requesting a ruling thereon before or at the time the cause was submitted. The judgment was not void. The reversal of its former finding and decree by the trial court as to the plaintiff, Zilphie Gilmore, upon the merits, did not automatically work a reversal of the decree ordering the Bank of Horatio to pay the fund to said plaintiff. Appellant obtained a reversal of the cause under § 6266 of Crawford & Moses' Digest, which is as follows:

"When a judgment has been rendered against a defendant or defendants constructively summoned, and who did not appear, such defendants or any one or more of them may, at any time within two years, and not thereafter, after the rendition of the judgment, appear in open court and move to have the action retried; and, security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or defendants as if there had been no judgment, and, upon the new trial, the court may confirm, modify or set aside the former judgment, and may order

the plaintiff in the action to restore to any such defendant or defendants any móney of such defendant or defendants paid to them under such judgment, or any property of such defendants obtained by the plaintiff under it and yet remaining in his possession, and pay to the defendant the value of any property which may have been taken under an attachment in this action or under the judgment and not restored; provided, the provisions of this action shall not apply to judgments granting a divorce, except so far as relates to alimony.''

It will be observed that the only relief accorded a defendant constructively served under that section, if the judgment is modified or set aside, is for an order against the plaintiff and his bondsmen for a restitution of money wrongfully received by him, or the restoration of property wrongfully received which is still in his possession. Appellant received a judgment for the restoration of the fund against appellant and her bondsmen, and this was all it was entitled to under the statute.

No error appearing, the judgment is affirmed.

McCULLOCH, C. J., and SMITH, J., dissent.