The bill in this cause was filed January 5th, 1932. Service of process upon the defendant Bertha Clement, a non-resident, was obtained by publication. Upon leave of the court to that end a special appearance was entered and a motion to set aside such service upon jurisdictional grounds was made on April 7th, 1932. The motion was denied by order of June 21st, 1932, pursuant to the court's opinion reported in 111 N.J. Eq. 24. None of the defendants having interposed any defense on the merits — no answers being filed — a decree pro confesso was entered on November 14th, 1932, and the complainant directed to take depositions, c., before a master to substantiate and prove the allegations of the bill of complaint. This was done and in due course, on January 25th, 1933, a final decree for complainant was entered upon the advice of an advisory master. More than a year later, to wit, on February 12th, 1934, and after the time for appeal had expired, the defendant Clement applied by petition for an order opening and setting aside the final decree and for permission to relitigate the question of jurisdiction previously disposed of as above stated. The basis of the present petition is the allegation that the court was misinformed as to the actual physical location and possession of the policy of insurance at the time of the first challenge to the jurisdiction, and that the true facts have only recently come to the knowledge of this defendant. It is now claimed that the policy of insurance here involved was at that time not only not in the possession of the complainant in this state, but was then in the possession of the defendant insurance company at its office in Philadelphia, Pa., and affidavits to that effect are attached to the petition. Counter affidavits are to the *Page 313 
effect that the policy was obtained through the company's New Jersey office in Newark and after the death of the insured was delivered by complainant to that office with proofs of death. In the course of the court's opinion disposing of the original challenge to its jurisdiction it was said: "Here the policy is in the state and within the control of the court which has jurisdiction over the insurance company." Upon the basis of that language the petitioner now argues that as the policy was physically out of the jurisdiction the court had no control over it and that the court's conclusion was based upon a false premise; that, therefore, the court had no jurisdiction and that the final decree should be opened and set aside.
It is argued by the solicitor of the complainant that, the time for appeal having expired, the court cannot entertain the present petition and that the decree can be challenged only by bill of review, citing Kocher's Chancery Precedents 443; Boyer v.Boyer, 77 N.J. Eq. 144, and Watkinson v. Watkinson, 68 N.J. Eq. 632.
But that was the old rule now changed under modern practice. Mitchell v. Mitchell, 97 N.J. Eq. 298. Procedure by petition to open final decree and order to show cause is the modern substitute for a bill of review (Morris v. Glaser,106 N.J. Eq. 585; affirmed, 110 N.J. Eq. 661) and is preferable as the simpler and more direct practice.
But there are a number of obstacles to the relief sought. The facts recited in the court's opinion above referred to do not all appear from the affidavits on the original challenge to the jurisdiction. They were mainly stipulated by counsel in open court on the argument of that motion. And the brief of petitioner's counsel then submitted states as a fact "that the contract itself is within the jurisdiction of the court." Under the circumstances the petitioner is now estopped to deny the truth of that statement. To permit such denial at this late day would set a dangerous precedent, encourage prolonged litigation, and serve no justifiable end. Parties should not be permitted to submit a cause on stipulated facts and then, upon an adverse decision, seek a reconsideration *Page 314 
on a different state of facts, except upon a clear showing of fraud or mistake not chargeable to the party, and a resulting injustice, unconscionable in its effect. There is no such showing here. It must be assumed that the facts alleged in the bill and supported by the depositions are true for, although afforded an opportunity to do so, none of the defendants interposed any defense on the merits. It follows that the decree is a just one and it should not be disturbed in aid of the forced recognition of a spurious claim. After default decree an application to set aside a final decree is addressed to the extreme favor of the court and will not be granted unless an equitable defense is shown. Steinhardt Bros. Co. v. Cohen, 86 N.J. Eq. 323. And even such a defense may be barred by laches. Avon-by-the-SeaLand and Improvement Co. v. Finn, 56 N.J. Eq. 805. While petitioner claims the facts alleged were only "recently" learned, it is not shown or even claimed that they could not have been "known" by the exercise of reasonable diligence. "Laches is not excused by simply saying `I did not know.' The test is not what the plaintiff knows but what he might have known by the use of the means of information within his reach with the vigilance which the law requires of him." 2 Lawr. Eq. 1125 § 1039. I have no doubt but that by the exercise of reasonable diligence the petitioner might easily have learned the facts now submitted at the time of the original challenge.
But the test of jurisdiction is not the physical presence of the policy itself within the borders of the state. If it is potentially within the court's control that is sufficient.Amparo Mining Co. v. Fidelity Trust Co., 74 N.J. Eq. 197;affirmed, 75 N.J. Eq. 555. The court had complete jurisdiction over the insurance company for the purpose of this suit and could, by its order, have compelled the production of the policy in court by that defendant, at any stage of the proceeding. In addition, the affidavit of William W. Deacon, a member of the legal staff of the defendant insurance company, offered in support of the present petition, states that while the policy was actually in the custody of that company, it was delivered to the company by the complainant "and *Page 315 
was subject to her right to demand its return." It therefore appears that the complainant herself had complete control over the policy and could have voluntarily produced it in court or could have been required by the court to do so at any time. Thus the court also had complete control of the policy, and this was as effective for jurisdictional purposes as actual physical possession would have been. The order to show cause will be discharged and the petition dismissed.