MAURICE FEUCHTWANGER, Respondent, *v.* CENTRAL HANOVER BANK AND TRUST COMPANY, Appellant, Impleaded with Another.

Argued May 26, 1942; decided July 29, 1942.

*Francis S. Bensel, Hersey Egginton* and *W. Frederick Knecht* for appellant. No jurisdiction was acquired over Banque Jordaan through service of the summons by publication. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Risley* v. *Phenix Bank*, 83 N. Y. 318; *O'Donoghue* v. *Boies*, 159 N. Y. 87; *Hanna* v. *Stedman*, 230 N. Y. 326; *Bald-*

*win's Bank* v. *Smith*, 215 N. Y. 76; *Matter of Cavin* v. *Gleason*, 105 N. Y. 256; *Schoenholz* v. *New York Life Ins. Co.*, 197 App. Div. 91; 234 N. Y. 24; *Von Hesse* v. *Mackaye*, 55 Hun, 365; *Gore* v. *Pennsylvania R. R. Co.*, 144 Misc. Rep. 639; 236 App. Div. 881; *Dimmerling* v. *Andrews*, 236 N. Y. 43.)

*Mahlon B. Doing* and *Alexis C. Coudert* for respondent. Jurisdiction has been obtained over Banque Jordaan by service of the summons by publication pursuant to the provisions of subdivision 6 of section 232 of the Civil Practice Act. A debt represented by a bank account in a local bank is specific personal property within the meaning of the statute and is sufficient to support jurisdiction *in rem.* (*Keys* v. *Leopold*, 241 N. Y. 189; *Matter of Morrell*, 154 Misc. Rep. 356; *Day* v. *Roth*, 18 N. Y. 448; *Newton* v. *Porter*, 69 N. Y. 133; *Van Alen* v. *American Nat. Bank*, 52 N. Y. 1; *United Nat. Bank* v. *Weatherby*, 70 App. Div. 279; *Importers & Traders Nat. Bank* v. *Peters*, 123 N. Y. 272; *Security Sav. Bank* v. *California*, 263 U. S. 282; *Morgan* v. *Mutual Benefit Life Ins. Co.*, 189 N. Y. 447; *Holmes* v. *Camp*, 219 N. Y. 359; *Chesley* v. *Morton*, 9 App. Div. 461.) The action to enforce an equitable lien in the nature of a resulting trust, is one *in rem* or *quasi in rem* within the meaning of subdivision 6 of section 232 of the Civil Practice Act. (*Garfein* v. *McInnis*, 248 N. Y. 261; *Morgan* v. *Mutual Benefit Life Ins. Co.*, 189 N. Y. 447; *Pennoyer* v. *Neff*, 95 U. S. 714; *Crozier* v. *United States Steel Corp.*, 144 Misc. Rep. 727.)

LOUGHRAN, J. The plaintiff Maurice Feuchtwanger is a citizen of France and a resident of the State of New York. He has an affirmed judgment against the two defendants — Central Hanover Bank and Trust Company (a New York bank) and Banque Jordaan S. A. (a banking concern at Paris, France). The Central Hanover is the single appellant here.

In May, 1939, Feuchtwanger purchased at Montreal, Canada, $81,500 of United States Federal Reserve Notes, through a brokerage house at Amsterdam, Holland. Later in the same year, the Amsterdam brokers on his direction delivered these notes to the Bank of Montreal with instructions to hold them " for account of Banque Jordaan, Paris, in favor of Maurice Feuchtwanger." The notes were so held by the Bank of Montreal until January 11,

1940,. when — without Feuchtwanger's knowledge or consent — Banque Jordaan caused them to be transmitted for deposit to its credit at the Central Hanover where the amount thereof was entered to the credit of a deposit account which Banque Jordaan there maintained.

Feuchtwanger learned of this in October, 1940. He was then indebted to Banque Jordaan in the sum of $16,500. Conceding this obligation, he made demand upon both banks that the Central Hanover keep for him $65,000 of the larger balance it held for the account of Banque Jordaan. When that demand was refused, he brought this suit.

The nature of the cause of action will appear as we turn in a moment to the directions of the judgment granted below. Service upon Banque Jordaan was made by publication. A warrant of attachment was not applied for. The Central Hanover appeared alone. As respects Banque Jordaan, the judgment is one by default. The material directions thereof are as follows:

" ORDERED, ADJUDGED AND DECREED that Sixty-five thousand ($65,000) Dollars of the sum now on deposit with the defendant Central Hanover Bank and Trust Company, in the name of the defendant Banque Jordaan, S. A., is the property of plaintiff Maurice Feuchtwanger, and that the same be, and hereby is, impressed with a trust in behalf of the plaintiff Maurice Feuchtwanger; and it is further

" ORDERED, ADJUDGED AND DECREED that the defendant Central Hanover Bank and Trust Company, upon the issuance of a license by the Treasury Department of the United States, pursuant to Executive Order Number 6560, dated January 15th, 1934, as amended, transfer Sixty-five thousand ($65,000) Dollars of the sum now on deposit with it in the name of Banque Jordaan, S. A., from the said account standing in the name of Banque Jordaan, S. A., to the credit of, and in the name of, the plaintiff Maurice Feuchtwanger, and that the said defendant Central Hanover Bank and Trust Company hold the said sum of Sixty-five thousand ($65,000) Dollars, for the benefit of, and to the credit of, the plaintiff Maurice Feuchtwanger, in an account in the name of the plaintiff, Maurice Feuchtwanger, subject to withdrawal by the plaintiff Maurice Feuchtwanger, as permitted by the provisions of Executive Order Number 6560, dated January 15th, 1934, as amended."

The parties have been silent respecting the effect thus accorded to the Executive Order of the President of the United States.* The main difference between them is as to whether the case was a proper one for exercise of the faculty of jurisdiction *in rem* by way of constructive service of process upon the absent Banque Jordaan. We see no reason for doubt on that score.

The Civil Practice Act provides: " An order directing the service of a summons upon a defendant, by publication, may be made in either of the following cases. * * * 6. Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state." (§ 232.) The interest of Banque Jordaan in the $65,000 of credits from which it has been excluded by this judgment was clearly personal property within this State and subject to its dominion. (*Security Sav. Bank* v. *California*, 263 U. S. 282, 285.) This very judgment shows that such an intangible *res* is so far capable of explicit designation as to be " *specific* personal property " within the meaning of section 232. (See *Redfield* v. *Critchley*, 277 N. Y. 336; *Holmes* v. *Camp*, 219 N. Y. 359; *Morgan* v. *Mutual Benefit Life Ins. Co.*, 189 N. Y. 447.) At no time here in issue did the deposit account of Banque Jordaan with the Central Hanover fall below $81,500 — the amount that was added thereto by the wrongful deposit of Feuchtwanger's Federal Reserve Notes. Under these circumstances, the trust created for him by this judgment is entirely valid. (See *Importers & Traders' Nat. Bank* v. *Peters*, 123 N. Y. 272; *Blair* v. *Hill*, 50 App. Div. 33.)

The judgment should be affirmed, with costs.

FINCH, J. (concurring). I concur since, as noted in the opinion, no question has been raised respecting the effect to be accorded to the Executive Order of the President of the United States. Also, there is present no attempt by attachment or otherwise to effect a transfer of title of the original owner of the claim. (See opinions in *Commission for Polish Relief, Ltd.*, v. *Banca Nationala a Rumaniei*, decided herewith, 288 N. Y. 332.)

---

*See *Commission for Polish Relief, Ltd.* v. *Banca Nationala A Rumaniei*, 288 N. Y. 332, decided herewith.

LEHMAN, Ch. J., RIPPEY, LEWIS and DESMOND, JJ., concur with LOUGHRAN, J.; FINCH, J., concurs in separate opinion in which CONWAY, J., concurs.

Judgment affirmed.