[L. A. No. 24629. In Bank. Nov. 5, 1957.]

WILLIAM (BILL) ATKINSON et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; AMERICAN FEDERATION OF MUSICIANS et al., Real Parties in Interest.

[L. A. No. 24630. In Bank. Nov. 5, 1957.]

JOHN H. ANDERSON, JR., et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; AMERICAN FEDERATION OF MUSICIANS et al., Real Parties in Interest.

John W. Preston, Harold A. Fendler and Daniel A. Weber for Petitioners.

No appearance for Respondent.

Bodkin, Breslin & Luddy, Henry Kaiser, Emanuel L. Gordon, Michael G. Luddy, O'Melveny & Myers, Homer I. Mitchell, Charles G. Bakaly, Jr., Mitchell, Silberberg & Knupp, Guy Knupp, Loeb & Loeb, Alfred I. Rothman and Averill C. Pasarow for Real Parties in Interest.

TRAYNOR, J.—Separate class actions were brought by two groups of musicians attacking the validity of collective bargaining contracts between their employers and the American Federation of Musicians and certain trust agreements related thereto. One action is on behalf of the employees of various motion picture companies and the other is on behalf of the employees of various phonograph record companies. The gist of plaintiffs' complaints is that in violation of its duty as their collective bargaining agent and in fraud of their rights the federation contracted with the employers that certain royalty payments and payments for reuse of motion pictures on television should be paid to a trustee for specified trust purposes instead of to the employees.

Plaintiffs allege that these payments constitute wages earned by the employees and that their diversion to the trust is violative of their rights; that the purpose of the trust is to contribute to the public knowledge and appreciation of music throughout the United States and Canada, and the trustee is authorized and directed to expend the trust funds in presenting personal performances by instrumental musicians to

which the public is admitted without charge; that the trust arrangement diverts wages earned by California employees, members of Local Number 47, for the benefit of federation members elsewhere without corresponding benefit to plaintiffs from the operation of similar arrangements made elsewhere; that the employers are willing to make the payments to their employees, but for their agreements with the federation to make the payments to the trustee; and that the national executive officers of the federation insisted on this arrangement for the selfish purpose of perpetuating themselves in office and of maintaining their hold and control over the affairs of the federation and used the trust fund to win the support of officials of the federation's locals and member musicians throughout the United States and Canada, who vastly outnumber plaintiffs and are not employed by the employers here involved.

In each action, the federation, the trustee, and the respective employers are named as defendants. Plaintiffs seek a declaration of the invalidity of the collective bargaining agreement and their right to the payments either as beneficiaries of a constructive trust or on the ground that the payments constitute wages withheld in violation of sections 222 and 224 of the Labor Code. They also seek damages against the federation for breach of its duty to them. At the commencement of the actions they moved for the appointment of a receiver to collect the payments and preliminary injunctions to prevent the employers from making the payments to the trustee. The employers have been personally served with process in this state, and personal jurisdiction has been obtained over the federation. The trustee was served pursuant to court order by delivery of summonses and complaints and motion papers within the State of New York, but he has not appeared.

The trial court held that insofar as plaintiffs sought to intercept the delivery of payments to the trustee by the appointment of a receiver and temporary injunctions, the trustee was an indispensable party and that the court had no jurisdiction to grant plaintiffs' motions for provisional relief without personal jurisdiction over the trustee. It was careful to point out that its ruling was based solely on lack of jurisdiction and stated that "if the court had jurisdiction to do so, the exercise of a sound discretion would probably require the granting of a preliminary injunction and perhaps the appointment of a receiver. . . ."

Some of the plaintiffs in each of the actions then filed their petitions for writs of mandate in the District Court of Appeal, Second Appellate District. The Second Division of that court issued alternative writs of mandate and after a hearing filed its decision in each case "commanding respondent superior court to assume and exercise jurisdiction over petitioners' application for preliminary injunction and appointment of receiver as prayed herein." Petitions for hearing by the real parties in interest, the defendant employers and federation, were then granted by this court.

The writ of mandate is an appropriate remedy unless an appeal from each order denying the motion for a preliminary injunction constitutes "a plain, speedy, and adequate remedy." (Code Civ. Proc., § 1086; *Financial Indem. Co.* v. *Superior Court,* 45 Cal.2d 395, 399 [289 P.2d 233].) Petitioners alleged in their petitions before the District Court that the remedy by appeal was not adequate because of the necessity of prompt action to prevent further movement of funds out of the jurisdiction of the superior court. Since no purpose but delay would be served at this time by reviewing the District Court's decision that the remedy by appeal was inadequate, we accept it for the purposes of these proceedings. (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704].)

We have concluded that personal service upon the trustee in New York was sufficient to give the court jurisdiction to adjudicate his right to receive payments under the contracts here involved. Code of Civil Procedure, section 412, provides: "Where the person on whom service is to be made resides out of the State . . . and it . . . appears . . . that it is an action which relates to or the subject of which is real or personal property in this State, in which such person defendant . . . has or claims a lien or interest, actual or contingent, therein, or in which the relief demanded consist wholly or in part in excluding such person . . . from any interest therein, such court, or judge, may make an order that the service be made by the publication of the summons." Section 413 provides that personal service outside the state is equivalent to publication. Plaintiffs claim that the employers' obligation to make the payments involved is one owing to them instead of to the trustee. That obligation is a chose in action and is therefore personal property within the meaning of the statutory provisions. (Code Civ. Proc., § 17, subd. 3.) Being an intangible, it has no situs in fact. "An intangible, unlike real or tangible personal property,

has no physical characteristics that would serve as a basis for assigning it to a particular locality. The location assigned to it depends on what action is to be taken with reference to it." (*Estate of Waits,* 23 Cal.2d 676, 680 [146 P.2d 5].) The question presented, therefore, is whether the chose in action in question may be treated as being within this state within the meaning of section 412 for purposes of exercising in rem or quasi in rem jurisdiction over it in these actions.

Plaintiffs rely on cases holding that having jurisdiction over the obligor, the state has power to enforce the obligation and cut off the right, if any, of a nonresident claimant thereto without personal jurisdiction over the nonresident. Garnishment proceedings (*Harris* v. *Balk,* 198 U.S. 215 [25 S.Ct. 625, 49 L.Ed. 1023]) and escheat proceedings (*Standard Oil Co.* v. *New Jersey,* 341 U.S. 428 [71 S.Ct. 822, 95 L.Ed. 1078]; *Security Sav. Bank* v. *California,* 263 U.S. 282 [44 S.Ct. 108, 68 L.Ed. 301, 31 A.L.R. 391]) are examples of the exercise of such power. Defendants contend, however, that in the case of ordinary choses in action such power is limited to situations in which the local claimant admits the validity of the local debtor's obligation to the nonresident and seeks to reach the interest he admits is the property of the nonresident. They point out that in the present case plaintiffs are not seeking to reach property admittedly belonging to the trustee but are claiming that the obligation is owed only to them. Defendants rely on cases holding that the debtor cannot treat his own obligation as property where he is, when his purpose is to terminate a nonresident's claim against him (*Vanderbilt* v. *Vanderbilt,* 354 U.S. 416 [77 S.Ct. 1360, 1 L.Ed.2d 1456]; *Estin* v. *Estin,* 334 U.S. 541 [68 S.Ct. 1213, 92 L.Ed. 1561, 1 A.L.R.2d 1412]), and they contend that the rule is the same when the debtor seeks to interplead both a local and a nonresident claimant. (*New York Life Ins. Co.* v. *Dunlevy,* 241 U.S. 518 [36 S.Ct. 613, 60 L.Ed. 1140].) In their view it is immaterial in an action to adjudicate conflicting claims to an obligation, whether the action is commenced by the obligor, where only one of the claimants can be served, or is commenced by one of the claimants, where he can secure personal jurisdiction over the obligor but not over the rival claimant.

We find no controlling precedent of the United States Supreme Court. It is true that in the Dunlevy case creditors of one of the claimants to the insurance proceeds had garnisheed Mrs. Dunlevy's interest before the insurance company sought to interplead the local claimants with Mrs. Dunlevy

who was absent, but the court was careful to point out that the interpleader action "initiated by the company was an altogether different matter" from the garnishment proceedings and that under the applicable state law a judgment exonerating the garnishee was not binding on the absent debtor whose claim against the garnishee the local creditors had unsuccessfully attempted to reach. (241 U.S. 518, 520-521.) Defendants rely on language in *Bank of Jasper* v. *First Nat. Bank*, 258 U.S. 112, 118-119 [42 S.Ct. 202, 66 L.Ed. 490], suggesting a distinction for jurisdictional purposes between an action to reach a debt owed an absent defendant and an action seeking to establish that the debt is owed directly to the plaintiff instead of to the absent claimant. In the Bank of Jasper case, however, the obligation had been embodied in a negotiable certificate of deposit that was not within the jurisdiction of the court, and the Supreme Court summarized its holding by stating that "As neither the certificates of deposit nor the holder thereof were within the State of Florida, its courts could not—in the absence of consent—acquire jurisdiction to determine the liability of maker to holder." Accordingly, that case is not controlling here where the obligation has not been embodied in a negotiable document.

Decisions of other courts involving conflicting claims to choses in action, where the action has been commenced by one claimant who has secured personal jurisdiction over the debtor but not over the absent claimant, are in conflict as to whether there is jurisdiction to adjudicate the absent claimant's rights. (See, e.g., sustaining or indicating jurisdiction: *Cameron* v. *Penn Mut. Life Ins. Co.*, 111 N.J. Eq. 24 [161 A. 55, 60]; 116 N.J. Eq. 311 [173 A. 344, 346]; *Ely* v. *Hartford Life Ins. Co.*, 128 Ky. 799 [110 S.W. 265, 268]; *State* ex rel. *Richardson* v. *Mueller*, 230 Mo.App. 962 [90 S.W.2d 171, 174-176]; *Omaha Nat. Bank* v. *Federal Reserve Bank*, 26 F.2d 884, 887-889; *Feuchtwanger* v. *Central Hanover Bank & Trust Co.*, 288 N.Y. 342 [43 N.E.2d 434, 435]; *First Nat. Bank* v. *Bank of Horatio*, 161 Ark. 259 [255 S.W. 881, 882]; *Taylor* v. *Security Mut. Life Ins. Co.*, 38 Misc. 575 [77 N.Y.S. 1012, 1013]; *Oishei* v. *Pennsylvania R. Co.*, 117 App.Div. 110 [102 N.Y.S. 368, 371], aff'd, 191 N.Y. 544 [85 N.E. 1113]; *Morgan* v. *Mutual Benefit Life Ins. Co.*, 189 N.Y. 447 [82 N.E. 438, 441]; *Kumor* v. *Scottish Union & Nat. Ins. Co.*, 47 Wyo. 174 [33 P.2d 916, 920-922]; *Bush* v. *Missouri State Life Ins. Co.*, 86 Okla. 182 [207 P. 317, 319]; *Mutual Home Assn.* v. *Zwatchka*, (Tex. Civ. App.) 297 S.W. 317, 318; *Perry* v. *Young*, 133 Tenn. 522

[182 S.W. 577, 578, L.R.A. 1917B 385] ; *Sherman Nat. Bank* v. *Shubert Theatrical Co.*, 238 F. 225, 229; *Morgan* v. *Mutual etc. Ins. Co.*, 16 Cal.App. 85, 90-93 [116 P. 385]. Denying or indicating no jurisdiction: *Mahr* v. *Norwich Union Fire Ins. Soc.*, 127 N.Y. 452, 460-462 [28 N.E. 391] ; *Kelly* v. *Norwich Union Fire Ins. Co.*, 82 Iowa 137 [47 N.W. 986, 987] ; *Royal Neighbors of America* v. *Fletcher*, 99 Okla. 297 [227 P. 426, 429] ; *Cross* v. *Armstrong*, 44 Ohio 613 [10 N.E. 160, 164-166] ; *Washington Life Ins. Co.* v. *Gooding*, 19 Tex.Civ. App. 490 [49 S.W. 123, 127] ; *Redzina* v. *Provident Inst. for Savings*, 96 N.J.Eq. 346 [125 A. 133, 136] ; *McBride* v. *Garland*, 89 N.J.Eq. 314 [104 A. 435, 436] ; *Austin* v. *Royal League*, 316 Ill. 188 [147 N.E. 106, 109] ; *Schoenholz* v. *New York Life Ins. Co.*, 197 App.Div. 91 [188 N.Y.S. 596] ; *Eisner* v. *Williams*, 298 Mich. 215 [298 N.W. 507, 509-510] ; *Stockbridge* v. *Phoenix Mut. Life Ins. Co.*, 193 F. 558, 560.)

In the absence of a settled rule governing the situation before us, and in light of the fact that an intangible may be subjected to the jurisdiction of the court without personal jurisdiction over all of the parties involved for some purposes but not for others, we conclude that the solution must be sought in the general principles governing jurisdiction over persons and property rather than in an attempt to assign a fictional situs to intangibles.

It is significant that with respect to jurisdiction to tax intangibles (*Curry* v. *McCanless*, 307 U.S. 357, 373-374 [59 S.Ct. 900, 83 L.Ed. 1339, 123 A.L.R. 162]), jurisdiction over foreign corporations (*International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057] ; *Perkins* v. *Benguet Min. Co.*, 342 U.S. 437, 445 [72 S.Ct. 413, 96 L.Ed. 485]), and jurisdiction to adjudicate trust obligations (*Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 311-313 [70 S.Ct. 652, 94 L.Ed. 865]), emphasis is no longer placed on actual or physical presence but on the bearing that local contacts have to the question of over-all fair play and substantial justice. A similar change in emphasis has been taking place with respect to personal jurisdiction over individuals. (*Cf., Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565] ; with *Milliken* v. *Meyer*, 311 U.S. 457, 462-463 [61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357] ; *Hess* v. *Pawloski*, 274 U.S. 352 [47 S.Ct. 632, 71 L.Ed. 1091] ; *Allen* v. *Superior Court*, 41 Cal.2d 306, 310-313 [259 P.2d 905] ; *Nelson* v. *Miller*, 11 Ill.2d 378 [143 N.E.2d 673] ; see *Smyth* v. *Twin State Imp. Corp.*, 116 Vt. 569 [80 A.2d 664, 25 A.L.R.

2d 1193].) "But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (*International Shoe Co.* v. *Washington, supra,* 326 U.S. 310, 316.)

In the present case, since the trustee is not and has not been a resident of California, section 417 of the Code of Civil Procedure precludes the entry of a personal judgment against him, and it is therefore unnecessary to determine whether his activities as trustee have sufficient connection with this state constitutionally to justify an assumption of personal jurisdiction without service of process here. The relevant contacts with this state are significant, however, in deciding whether due process permits exercising a more limited or quasi in rem jurisdiction to determine his and plaintiffs' interests in the intangibles in question.

We find no relevance in the distinction defendants seek to make between jurisdiction to take over a nonresident's claim to a chose in action admittedly his and jurisdiction to establish that it was never his. In both situations the nonresident can protect his interest in the property only by submitting to the jurisdiction of the court. It is true that in the former situation he must litigate a controversy solely between himself and his creditor unrelated to preexisting rights in the obligation garnished, whereas in the latter situation preexisting conflicting rights to the obligation itself are involved; but this distinction alone has no bearing on the fairness of making him appear. It has been rejected in a case involving both real and personal property including intangibles (*Loaiza* v. *Superior Court,* 85 Cal. 11, 34-35 [24 P. 707, 20 Am.St.Rep. 197, 9 L.R.A. 376]), and does not exist with respect to controversies over corporate stock. (*Jellenik* v. *Huron Copper Min. Co.,* 177 U.S. 1, 12-13 [20 S.Ct. 559, 44 L.Ed. 647]; *Wait* v. *Kern River Min. etc. Co.,* 157 Cal. 16, 21 [106 P. 98]; *Amparo Min. Co.* v. *Fidelity Trust Co.,* 75 N.J.Eq. 555 [73 A. 249, 250-251]; *Michigan Trust Co.* v. *Probasco,* 29 Ind.App. 109 [63 N.E. 255, 257].) It is true that for some purposes the state of incorporation may be peculiarly appropriate for the purpose of litigating conflicting claims to corporate stock, but if so, it is because of

relevant contacts there; if such contacts exist elsewhere, jurisdiction also follows. (*Wait* v. *Kern River Min. etc. Co., supra*, 157 Cal. 16, 21.) ▮ Similarly, in the case of other intangibles, jurisdiction must be determined in the light of the totality of contacts with the state involved. Indeed, many of the apparently conflicting decisions on the question before us could be reconciled on their facts, if not their language, on this basis. (*Cf.*, e.g., *Omaha Nat. Bank* v. *Federal Reserve Bank*, 26 F.2d 884, 887-889; *Feuchtwanger* v. *Central Hanover Bank & Trust Co.*, 288 N.Y. 342 [43 N.E.2d 434, 435]; *First Nat. Bank* v. *Bank of Horatio*, 161 Ark. 259 [255 S.W. 881, 882]; *Morgan* v. *Mutual Benefit Life Ins. Co.*, 189 N.Y. 447 [82 N.E. 438, 440-441]; *Kumor* v. *Scottish Union & Nat. Ins. Co.*, 47 Wyo. 174 [33 P.2d 916, 920-922]; *Perry* v. *Young*, 133 Tenn. 522 [182 S.W. 577, 578]; with *Mahr* v. *Norwich Union Fire Ins. Soc.*, 127 N.Y. 452, 460-462; *Cross* v. *Armstrong*, 44 Ohio 613 [10 N.E. 160, 164]; *Eisner* v. *Williams*, 298 Mich. 215 [298 N.W. 507, 509-510].)

▮ The present case is not one in which an obligor has invoked the jurisdiction of a court remote from the obligee solely for the purpose of terminating his obligation (see *Estin* v. *Estin, supra*; *Vanderbilt* v. *Vanderbilt, supra*) or sought to compel conflicting claimants to adjudicate their rights in a forum of his own choice. (See *New York Life Ins. Co.* v. *Dunlevy, supra*.) The obligation plaintiffs seek to enforce grows out of their employment by defendants here. The payments involved are alleged to be consideration for work performed in this state. The federation defendant is before the court. Under these circumstances, fairness to plaintiffs demands that they be able to reach the fruits of their labors before they are removed from the state. Moreover, fairness to the defendants who are personally before the court also demands that the conflicting claims of the trustee be subject to final adjudication. Even if we were to hold that his absence prevents the granting of the provisional remedies here sought, plaintiffs would not be foreclosed thereby from asserting that payment to him did not discharge the employers' obligation to them and that the federation was independently liable for damages for breach of its fiduciary duty. The evil of exposing the obligor to actions to enforce the same obligation in two jurisdictions with the attendant risk of double liability would not be obviated. It was just such double liability that was sustained in the Dunlevy case and gave impetus to the passage of federal interpleader legislation. (See

Chafee, Interstate Interpleader, 33 Yale L.J. 685, 711.) It is doubtful whether today the United States Supreme Court would deny to a state court the interstate interpleader jurisdiction that federal courts may exercise. A remedy that a federal court may provide without violating due process of law does not become unfair or unjust because it is sought in a state court instead. To sustain jurisdiction in these cases, however, we are not required to forecast the overruling of the Dunlevy case and to act on that basis. For the reasons stated above, this case is clearly distinguishable from the Dunlevy case, and the multiple contacts with this state fully sustain the jurisdiction of the superior court to exercise quasi in rem jurisdiction over the intangibles in question.

Let the writ of mandate issue in each case commanding respondent superior court to assume and exercise jurisdiction over petitioners' application for a preliminary injunction and the appointment of a receiver as prayed herein.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.